## McCormick v. Robinson.

1. JUSTICE'S COURT—JURISDICTION.—A justice of the peace has no jurisdiction of a suit upon a claim exceeding fifty dollars; but where the note or claim is indorsed down or credited, so as to leave less than fifty dollars due on it, the justice has jurisdiction, notwithstanding the indorsement was made or credit given without any actual payment thereof.

2. SAME.—It is the sum *claimed* that controls the question of jurisdiction; and if the plaintiff indorses on the note, or remits from the account, enough to bring his claim within the jurisdiction of the justice, judgment may be rendered for the balance claimed by him, and he cannot recover thereafter the sum so indorsed or remitted.

(1 *Chand.* 254.)

ERROR to the late District Court for *La Fayette* County. This was an action of assumpsit, on a promissory note of fifty dollars, brought before a justice of the peace, for the recovery of the amount due thereon. There was indorsed on the note four dollars and seventy-five cents, which reduced the sum due or claimed thereon below fifty dollars.

On the trial, the plaintiff proved the execution of the note. The defendant produced no witnesses or evidence, and the justice rendered judgment against the defendant for $45.25 damages.

McCormick vs. Robinson.

The defendant, who is the plaintiff in error in this court, appealed from the judgment rendered by the justice, to the district court of La Fayette county, and the suit was there tried before the late C. J. DUNN, and by agreement, without a jury. The defendant in error proved the execution of the note by the plaintiff in error, and rested. The plaintiff in error then called a witness to prove that there had never been any arrangement for a credit upon the note declared upon, and claimed and assumed that the indorsement made upon the note was fraudulently made by the defendant in error, to confer jurisdiction upon the justice to entertain the suit which otherwise he could not have had. The court overruled and rejected the proffered evidence, as incompetent to defeat a recovery, and affirmed the judgment rendered by the justice. To the rejection of this evidence the plaintiff took an exception, and upon that the suit was brought into this court.

*J. H. Knowlton*, for plaintiff in error.

*Robinson & Culver*, for defendant in error.

JACKSON, J. This was an action of assumpsit, originally instituted by the defendant in error, before a justice of the peace, to recover upon a negotiable promissory note, in these words :

"WHITE OAK SPRINGS, *March* 15, 1847.

"On or before the first day of June next, I promise to pay James E. Davis, or bearer, the sum of fifty dollars.

"MATH'W McCORMICK."

Upon the back of which note was the following indorsement :

"Received on the within, by turn with Delatour, and agreement with *McCormick*, four 75-100 dollars.

(Endorsed) "JAMES L. DAVIS.

"May 27, 1847."

The only question in this cause is, whether a plaintiff can, by indorsement, reduce a promissory note to a sum less than fifty dollars, and thus give a justice of the peace jurisdiction.

The 9th section of the organic law of the territory of Wisconsin (page 25, Rev. Stat.), declares that justices of the peace shall not have jurisdiction of any matter of controversy, where the title or boundaries to land may be in dispute, or *where the debt or sum claimed exceeds fifty dollars.*

Under a fair construction of the latter provision of this section, did the " debt or sum claimed " by the defendant in error, exceed the jurisdiction of the justice ?

The note sued upon, without the indorsement, would have beyond the justice's jurisdiction ; but the indorsement upon the back of the note, acknowledging the payment upon it of $4.75, reduced the " debt or sum claimed " by the defendant in error below fifty dollars.

Had the plaintiff in error a right to inquire into the purpose of that indorsement, in order to ascertain whether the amount indorsed had actually been paid to the defendant in error, or whether it was a mere voluntary relinquishment by him of a part of his debt or claim ?

In either case, whether the amount of $4.75 had actually been paid upon the note, or whether that sum was voluntarily relinquished by the holder of it, there was no " debt or sum claimed " exceeding fifty dollars, requiring to be investigated. If not, there can be no doubt that the justice had jurisdiction.

This is not the case of an open and unsettled account for an amount exceeding fifty dollars, where, although credits are given, which, if allowed, would reduce the sum claimed below fifty dollars, yet no balance having been agreed upon between the parties, the trial would involve an investigation of the whole account.

A party might, in such a case, by leaving out a part of the items of his account, bring his demand within the requisite limit ; but he must then lose the portion omitted, as he cannot make it the subject of a separate suit.

Judgment below affirmed.