PRATT AND WOOD, Plaintiffs in Error,

*vs.*

WILLIAM BROWN, Defendant in Error.

ERROR TO COLUMBIA COUNTY COURT.

Where an appeal is dismissed in the County or Circuit Court for want of jurisdiction, no judgments for costs, made on the appeal, can be rendered; even though the failure of jurisdiction is occasioned by the fault or neglect of the appellant.

THIS suit was commenced by the defendant in error against the plaintiff in error before a justice of the peace of Sauk county, when the plaintiff obtained judgment for $100. The defendants attempted to appeal, and made their affidavit stating that their *application* for appeal was made in good faith, and not for delay, &c. The venue was changed to Columbia county when the cause was tried, and a verdict returned for the plaintiff. A new trial was ordered at the next term, when the plaintiff below moved to dismiss the appeal for insufficiency in the affidavit, in stating that the application, instead of the appeal, was made in good faith. This motion was denied, and a trial had, which again resulted in verdict for the plaintiff, on which judgment was rendered. The cause was taken to the Supreme Court, and this judgment reversed—the court holding that owing to the insufficiency of the affidavit, the County Court obtained no jurisdiction. The cause was remanded to the County Court, and at the November term, 1853, the court on motion of the plaintiff below, dismissed the appeal, and rendered judgment for costs of the appeal, against the defendant and his sureties in the recognizance for appeal.

*Collins, Smith & Keyes,* for the plaintiff in error.

*Knowlton,* for the defendant in error.

*By the Court,* WHITON, C. J. The Supreme Court having de-

Pratt and Wood vs. Brown.

cided that the County Court did not obtain jurisdiction of this case, it follows that the court below committed no error in dismissing it. The only question is in regard to costs. We hold, upon a consideration of our statute, that where the statute did not give an appeal, and the County Court dismissed the case for want of jurisdiction arising from that cause, no judgment for costs could be given. *Mitchell vs. Kennedy,* 1 *Wis. R.* 511.

But it is contended, that as the failure of the County Court to obtain jurisdiction of this case, arose from the neglect of the appellant, who is the plaintiff in error, a different rule should be adopted. We do not see as this circumstance can make any difference.

The objection is, that the court never became possessed of the case, and it is quite immaterial what the reason is which produced this result. If from any cause the court did not have the case before it, it could give no valid judgment. We must hold, therefore, as we did in the case of *Mitchell vs. Kennedy,* that so much of the judgment of the court as dismissed the case is affirmed, and so much as gave costs to the defendant must be reversed.