DIXON *v.* HILL.

Whenever in a suit in the Common Pleas Court, the title to real estate comes in question, the jurisdiction fails, and the cause must be dismissed.

But judgment may be rendered for the costs.

APPEAL from the *Orange* Court of Common Pleas.

DAVISON, J.—The complaint alleges that *Dixon*, on the 14th day of *November*, 1854, entered at the *Vincennes* land district, certain lands, describing them, and received therefor a certificate of purchase in his own name; that *Hill*, the defendant, was, at the time of the entry, and ever since hath been, in the possession of about forty acres of said lands, and though duly notified of the entry and certificate thereof, hath, since its date, greatly injured said forty acres, &c.,—to the plaintiff's damage 150 dollars. The defendant demurred to the complaint, but his demurrer was overruled; and thereupon he answered by general denial, &c. The cause was submitted to a jury.

During the trial the plaintiff proved a survey of the lands described in the complaint, whereby it appeared that *Hill* was in the possession of and cultivating some fifteen acres included in the survey. And then he proposed to introduce, as evidence in the cause, his landoffice certificate; to the introduction of which an objection was raised and sustained. The cause was dismissed on the ground that the title to real estate came in issue.

*Thursday,
November* 27.

The question to be considered is, had the Common Pleas jurisdiction of the subject-matter before it? The statute says that that Court shall have no jurisdiction where the title to real estate shall be in issue. 2 R. S. p. 18, s. 11. But this, it is said, means where the title is the principal thing in issue,—the principal point proposed as an inducement to the bringing of the suit. We are not inclined to adopt this construction, because it would restrict the prohibition to such actions as go expressly for the land itself, when the language of the enactment is broad enough to extend to every case where such title may be in issue. An act of 1831 declared that justices of the peace shall not have jurisdiction in any action or suit where the title to lands shall come in question, R. S. 1838, p. 424. Under this enactment it was held that whenever, in a suit before a justice, it appears from the pleadings, or evidence, or agreement of the parties, that the title to real estate will come in question, the suit must be dismissed for want of jurisdiction. *Parker* v. *Bussell*, 3 Blackf. 411. When it is considered that the language of the two provisions to which we have referred is, in effect, the same, the case cited seems to apply to the one before us.

How stand the pleadings in this case? The plaintiff, in his complaint, sets up title to the premises, and refers specifically to the land-office certificate under which he claims. All that, however, is denied by the answer. It seems to follow that his title was directly in issue, because, in order to recover damages for the injury done to the land, he was bound to establish the validity of his certificate.

Against the decision of the Common Pleas, the appellant refers to *Wolcott* v. *Wigton*, 7 Ind. R. 74. But in principle, there is an evident distinction between that case and the one at bar. The case cited was a complaint for partition. In such cases the statute expressly confers jurisdiction on the Common Pleas. And the jurisdiction thus conferred in suits for partition, necessarily includes the power to settle the title to real estate,

whenever it may be put in issue in such suits, in order to be able to effect the partition. These suits are, therefore, not within the general statutory rule which declares that the Common Pleas shall have no jurisdiction where the title to real estate shall be in issue. It follows that *Walcott* v. *Presswick* is not in point.

Upon the dismissal of the suit, the Court rendered a judgment against the plaintiff for costs. In rleation to this judgment counsel argued thus: "If there was no jurisdiction, there could be no judgment for costs; for the power to adjudge at all (except on the question of jurisdiction), depends on the question of jurisdiction. A judgment for costs necessarily supposes jurisdiction in the Court, both over the parties and the subject-matter." This reasoning, though ingenious, is not conclusive. The Court had jurisdiction of the parties. The parties had the right to appear—the plaintiff to insist upon his right to have the action maintained—the defendant to urge his motion to dismiss; and the Court must adjudge the matter. Upon the result of such adjudication it seems to be reasonable and proper that the prevailing party recover a judgment for his costs. There are, however, various authorities which directly sustain the doctrine that in all cases in which an action is dismissed for want of jurisdiction in the court in which it is commenced, the defendant is entitled to a judgment for costs. *Jordan* v. *Dennis*, 7 Met. 591.—*Hunt* v. *The Inhabitants*, &c., 8 *id.* 343.—*Osgood* v. *Thurston*, 23 Pick. 110.—*Balfour* v. *Mitchell*, 12 S. and M. 629.—*Reynolds* v. *Plummer*, 1 Appleton, 22. We are inclined to follow these cases.

*Per Curiam.*—The judgment is affirmed with costs.

*D. M'Donald*, for the appellant.

*J. Collins*, for the appellee.