June Term,
1861.

PAINE et al.
v.
CHASE.

PAINE and another vs. CHASE

An order setting aside a judgment for irregularity cannot be reviewed in this court upon a writ of error.

The remedy is by an appeal from the order in the manner prescribed by the statute.

A writ of error can be brought only on a judgment or an award in the nature of a judgment.

Where a writ of error is dismissed by the court for the reason that it will not lie, the court has jurisdiction to render a judgment against the plaintiff in error for costs ; there being a statute allowing costs to the successful party generally.

14      653
e110    ³223

ERROR to the Circuit Court for *Racine* County.

*Paine* and *Millett* brought an action in the Racine circuit court, upon a transcript of a judgment alleged to have been rendered in favor of one Ayre against Chase in the court of common pleas of Geauga County, Ohio, on the 3d of April, 1838, and to have been assigned to the present plaintiffs. Judgment was rendered against the defendant, upon affidavit of service of the summons and complaint and of no answer or demurrer served. In October, 1859, the defendant moved the court upon the judgment roll and other papers on file in the cause, to set aside the judgment for various alleged irregularities, and the motion was sustained. To the order setting aside the judgment, the plaintiffs excepted, and took their writ of error.

*Paine & Millett*, in *pro. per.*
*Sloan & McFetridge*, *contra.*

*By the Court*, DIXON, C. J. The plaintiffs in error have mistaken their remedy. The order setting aside the judgment below for irregularity cannot be reviewed upon this writ. A writ of error can be brought only on a judgment or an award in the nature of a judgment. It is manifest

that the order in question bears no resemblance to either. The remedy was by an appeal from the order in the manner prescribed by statute.

Writ dismissed.

The clerk having entered judgment against the plaintiff in error for costs, a motion was afterwards made to set aside the judgment, which was disposed of in the following opinion, filed March 15, 1862.

December 30.

*By the Court,* DIXON, C. J. The writ in this case having been dismissed for the reason that it would not lie to an order vacating a judgment for irregularity, the clerk, without specific directions, entered the usual judgment for costs against the plaintiffs in error. To this the plaintiffs in error object, and now move to set the judgment aside, insisting that there can be no allowance of costs, when this court fails to acquire jurisdiction of the matter in controversy concerning which its appellate power was sought,—that we must have jurisdiction to affirm or reverse the order complained of upon the merits, before a judgment of any kind can be rendered. They rely upon the rule laid down in *Mitchell vs. Kennedy*, 1 Wis., 511, and *Pratt vs. Brown*, 4 Wis., 188, in which it was held to be error for the county court to give judgment for costs, where an appeal from the judgment of a justice of the peace was dismissed for want of jurisdiction—that the statute then in force authorizing the court to give costs in all cases where an appeal was dismissed, did not apply to a dismissal for that cause. There is, in my judgment, a clear distinction between those cases and the one at bar. The affidavit and bond by virtue of which the appeal was taken, were required to be filed with the justice, and came up as a part of his return. The want of jurisdiction, therefore, necessarily appeared on the face of the proceedings and at the very outset—in the one case, that the judgment was one from which no appeal was given; in the other that the affidavit was radically defective. The defects were such, that in the language of Chief Justice SHAW, in *Osgood vs. Thurston,* 23 Pick., 110, the court could never have rendered any judgment against the appellees, but might

have dismissed the appeals, *ex-officio*, without plea or appearance. They were among those "clear cases where no judgment would be rendered although the defendant should not appear," as is observed by the court in *Cary vs. Daniels*, 5 Met., 236, the only case upon this subject cited in *Jordan vs. Dennis*, 7 Met., 590. The latter and "the cases there cited" are the authorities to which this court refers in support of its conclusion. Within the principles which those two cases establish, this must have been the ground upon which our decisions were placed. For the cases clearly lay down the doctrine that unless the want of jurisdiction is so manifest on the face of the writ or other proceeding as to make appearance and opposition entirely unnecessary, the court will give judgment for costs, notwithstanding it decides that there is a defect of jurisdiction. Judgment for costs was in fact awarded in each case, under just such circumstances, and the decisions are sustained by the early case of *Thomas vs. White*, 12 Mass., 370. The distinction between cases where the want of jurisdiction is plain and those where it is doubtful, is repudiated in the subsequent case of *Hunt vs. Inhabitants of Hanover*, 8 Met., 343, as being too shadowy and uncertain for a rule of practical application, and unsound in principle; and hitherto it has been considered well settled in that state that where the judgment is founded upon an original want of jurisdiction, the defendant is entitled to recover his costs. *Elder vs. Dwight Manufacturing Co.*, 4 Gray, 201. This departure from the earliest decided cases (*Williams vs. Blunt*, 2 Mass., 207,) has resulted in part from a change of judicial opinion upon the subject, but is perhaps more immediately attributable to a change of statute, 'the terms of which will presently be noticed.

But whether our own decisions were placed on broad or narrow grounds, I still think, as I have already said, that the cases are plainly distinguishable from the present. The writ of error is in the nature of original process running from this court—regarded in law as the commencement of a new action. The court had the power to issue it on the application of the plaintiffs. It was regular and valid on its face, and after service, the defendant in error had the right to ap-

pear and make his defense, whatever it might be. The jurisdiction of the parties is clear, and it seems obvious to me that the plaintiffs ought not to be heard to deny it simply because the writ fails to accomplish the purposes they intended. I think the answer of the court in *Dixon vs Hill*, 8 Ind., 147, to the argument of counsel that the court of common pleas had no power to give judgment against the plaintiff, for costs, upon the dismissal of the suit for want of jurisdiction, very appropriate here. Counsel argued thus : " If there was no jurisdiction, there could be no judgment for costs; for the power to adjudge at all (except on the question of jurisdiction) depends on the question of jurisdiction. A judgment for costs necessarily supposes jurisdiction in the court, both over the parties and the subject matter." To this the court reply : " This reasoning though ingenious is not conclusive. The court had jurisdiction of the parties. The parties had the right to appear—the plaintiff to insist upon his right to have the action maintained—the defendant to urge his motion to dismiss ; and the court must adjudge the matter. Upon the result of such adjudication, it seems to be reasonable and proper that the prevailing party recover a judgment for his costs."

Again in the discussion of the same question in *Hunt vs. Inhabitants of Hanover*, *supra*, the court very justly say : " Now it is quite apparent, that in all actions made returnable to this court, or the court of common pleas, the court to which the same is made returnable, has, for some purposes, a jurisdiction of the case. It must necessarily entertain jurisdiction so far as to hear and determine the question of jurisdiction generally. The parties may appear for this purpose ; they are entitled to be heard and may demand an adjudication. If the question arises in the court of common pleas, the same may be brought by exceptions to this court, or if dismissed by a judge of this court at a *nisi prius* term, may be reserved for the consideration of the whole court. The clerk of the court does not, of his own authority, dismiss an action for want of jurisdiction, but only through the instrumentality of the court, and upon their order. The action is therefore, upon its entry, pending in court. *   *   *   There

are therefore two adverse parties present, and when the result is that the motion of the defendant to dismiss the action prevails, the defendant is the prevailing party, and as such is entitled to judgment for costs."

I am satisfied with these views of the subject as applied to cases like the present, and without regard to the peculiar language of the act regulating costs in this court, there being a statute allowing costs to the successful party, generally, I should hold upon principle that the judgment here entered is correct. There are, however, numerous authorities which, independently of particular words of statute indicating such intention, fully sustain the doctrine that in *all* cases in which an action is dismissed for want of jurisdiction in the court in which it is prosecuted, the defendant is entitled to a judgment for costs. *Reynolds vs. Plummer*, 19 Maine, 23; *West vs. Wentworth*, 6 Foster, N. H., 203; *Balfour vs. Mitchell*, 12 Smedes & Mar., 629; *Work vs. Maloney*, 25 Miss., 172; *Call vs. Mitchell*, 39 Maine, 465; *Dixon vs. Hill, supra*. And this is now the settled rule in Massachusetts, but as already observed, founded in part upon the words of a recent statute (R. S. 1836, c. 121, sec. 1) giving costs to the *prevailing party* in all civil actions, except when different provision is made by law. These words have been construed to include the case of a party who prevails on a motion to dismiss for want of jurisdiction. The law of costs and fees is purely statutory. The legislature, in regulating the costs in actions pending, on appeal, in this court (Laws of 1860, chapter 264, sec. 36), has adopted the language of the Massachusetts statute, and declared that the *party prevailing* in this court shall recover costs. Acting upon the rule that where a statute of a sister state has received a judicial construction, the legislature is presumed to have adopted it with reference to that construction, we should be bound to give judgment for costs upon dismissing an appeal for want of jurisdiction, and such is in fact the practice. I think that the same rule should be applied to this case, and that the judgment should stand.

Motion denied.