## FELT, SR., VS. FELT, JR.

| 19 | 193 |
|----|-----|
| 83 | 7 |

| 19 | 193 |
|----|-----|
| 98 | 542 |

| 19 | 193 |
|----|-----|
| 104 | 616 |

A justice of the peace, under our statute, cannot render judgment for $100 or less upon a note for a larger amount, unless it has been "reduced by credits or payments indorsed thereon to an amount not exceeding one hundred dollars." Sec. 6, ch. 120, R. S.

A memorandum upon the back of such a note, made by the justice, showing the date when it was filed before him, and that the plaintiff offered to release all but $100, is not an indorsement of a credit or payment, within the meaning of the statute.

The specific provisions of said sec. 6 in relation to actions in justices' courts on promissory notes must govern that subject as against the general provisions of subd. 1, sec. 5 of the same chapter, which gives such courts jurisdiction of "actions arising out of contract, &c., * * wherein the damages claimed shall not exceed one hundred dollars."

A circuit court cannot acquire jurisdiction of a cause on an appeal from a justice, if the justice had no jurisdiction of such cause.

But in an action of which the justice had jurisdiction, the circuit court, on appeal, may allow an amendment of the complaint so as to demand greater damages than can be adjudged in justice's court.

On an appeal from a justice of the peace, if it appear that the justice had no juris-
diction, the circuit court should dismiss the appeal; and in such a case it can-
not render any judgment for costs.

On such an appeal the return of the justice stated that on the 1st of September,
1862 (the return day of the summons), the plaintiff "declared orally on a promis-
sory note given to him by defendant, dated F———, June 9, 1862, and demand-
ed judgment on the same for $100." The return did not further describe the
note, nor was it returned with the papers and filed in the circuit court. At the
trial in said court, there was offered in evidence by the plaintiff, but ruled out,
a note for $600, executed by defendant to plaintiff, dated as above, and indors-
ed as follows: "Filed Sept. 1, 1862, B. L. P———, J. P., and demanded a
judgment for $100, offering to release all of said note but said $100." *Held*,
that this indorsement was sufficient evidence that said note was the one in suit,
and that the justice and the circuit court, therefore, had no jurisdiction.

APPEAL from the Circuit Court for *Sauk* County.

This action was commenced before B. L. Purdy, Esq., a
justice of the peace; and on the 21st of September, 1862, the
justice's docket states that plaintiff "declared orally on a note
given by defendant to plaintiff, dated Fairfield, June 9, 1862,
and demanded judgment on the same for $100." The defend-
ant answered, and after trial had, judgment was rendered in
plaintiff's favor for $100 damages. On appeal to the circuit
court, the plaintiff, at the trial, offered in evidence a note made
by defendant to him for $600, with interest, payable July 1,
1862, and dated June 9, 1862, on which was the following in-
dorsement: "Filed Sept. 1st, 1862, B. L. Purdy, J. P., and
demanded a judgment for $100 dollars, offering to release all
of said note except that amount." The defendant objected to
the evidence, on the ground that the note was for more than
$100, and there were no indorsements on it reducing the
amount to that sum. Objection sustained. A motion for
leave to amend the complaint so as to make it demand dama-
ges in the full amount of the note, was denied. Verdict for
the defendant; motion for a new trial denied; and judgment
that plaintiff take nothing by his action, and in favor of the
defendant for costs; from which the plaintiff appealed.

*Wheeler & Brown*, for appellant:

The plaintiff had a right, *at the common law*, to remit the

excess above the amount for which a. justice has jurisdiction, and take judgment for the residue. Comyn's Dig.. title "County," C. 8; 2 Cowen's Treat. (3d ed.), 479, and authorities there cited. The statute does not, either in terms or by necessary implication, take away this right. 3 Hill, 38, 41; 1 Wis , 513, 525. On the contrary it is expressly recognized in sec. 161, ch. 120, R. S. We did release the excess by claiming damages for only $100. 9 Johns., 366; 5 Barb., 573–4. And the justice had jurisdiction under subd. 1, sec. 5, ch. 120, this being an action arising out of contract, in which the damages claimed did not exceed $100. A justice of the peace has jurisdiction when the damages claimed do not exceed $100, even though the sum stated in the body of the complaint exceed that amount. 5 Wis., 115; 7 id., 147–8; 6 id., 582–4; 5 Barb., 573–4; 9 Johns, 366; 6 Hill, 633–4; 1 Halst., 115; subd. 9, sec. 46, ch. 120, R. S. 2. The circuit court should have permitted us to amend our complaint so as to claim the full amount of the note. Subd. 11, sec. 46, ch. 120; 12 Wis., 58, 59; 4 Denio, 570. The cause is to be tried in the appellate court as cases originally brought there. Sec. 217, ch. 120, R. S.; 11 Wis., 82, 83. 3. If the court had no jurisdiction it should have dismissed the appeal, and not have given a judgment which, in legal effect, was a bar to another suit. 7 Wend., 103; 3 Hill, 257–8; 3 Wis., 310, 312, 397; 6 id., 350; 2 Mass., 212. 4. If the court had no jurisdiction, it erred in rendering a judgment for costs. *Jordan v. Dennis*, 7 Met., 590, and cases there cited; 2 Mass., 207; 23 Pick., 110; 7 Cow., 423; 9 id., 227–30; 3 Wis., 397; 4 id., 188.

*C. C. Remington*, for respondent.

At the June term, 1863, this court affirmed the judgment of the circuit court, and the following opinion was filed:

*By the Court,* PAINE, J. This action was commenced before a justice of the peace, on a promissory note, the plaintiff claiming one hundred dollars damages. The justice gave

judgment for the plaintiff, and the defendant appealed to the circuit court. On the trial, the plaintiff offered a note in evidence, for the sum of six hundred dollars, on which there were no credits or payments indorsed. There was a memorandum on the back, made by the justice, showing the date when it was filed before him, and that the plaintiff offered to release all except one hundred dollars. But this certainly cannot be regarded as any indorsement of a credit or payment on the note.

When it was offered in the circuit court, it was rejected upon the ground that it would not have been admissible before the justice. This was correct. Section six, chapter 120, R. S., gives a justice jurisdiction in an action upon a note given for more than one hundred dollars, "which has been reduced by credits or payments indorsed thereon to an amount not exceeding one hundred dollars." It is very clear, that under this provision the actual reduction of the note to an amount not exceeding one hundred dollars, by indorsements on it, is essential to enable a justice to render any judgment upon it.

The only way in which the counsel for the plaintiff sought to sustain the jurisdiction of the justice, was by resorting to section 5 of the same chapter, which gives to justices general jurisdiction in actions upon contract where the debt or balance due or damages claimed do not exceed one hundred dollars. But it is a well settled rule of construction, that specific provisions relating to a particular subject must govern in respect to that subject, as against general provisions in other parts of the law, which might otherwise be broad enough to include it. And by this rule, the provisions of section six, relating specially to actions on notes given for more than one hundred dollars, must govern the case. And it follows that the circuit court could not give judgment on the note, inasmuch as the justice could not have done so. For it would have been improper to allow the plaintiff to amend the *ad damnum* clause in his complaint, and proceed in the circuit court for the whole

amount, as though the suit had been originally commenced there. It is unlike those cases where plaintiffs have been allowed to do this and recover greater damages on appeal than the justice had jurisdiction of. In all those cases, the jurisdiction depended on the amount of damages claimed; and while the suits were before the justice, he had full jurisdiction to give judgment for the amount claimed before him. That being so, the suits could properly go by appeal to the circuit court, and the only result of allowing them to claim greater damages there would be, to enable them to avail themselves of the more enlarged powers of the court in which they then were to give relief in a suit which the justice might properly have tried and given judgment in for all that was claimed before him. But here it is different. Here the justice was never authorized to try any action upon this note at all. And for the circuit court to try it and give judgment for the plaintiff, would be for it to get jurisdiction, through an appeal, of a suit in which the justice had no jurisdiction. All that it could do on such an appeal would be, to correct the error of the justice in respect to his own jurisdiction, by refusing to sustain the action. And according to the rulings of this court, it could properly give judgment against the plaintiff for costs. *Paine et al. v. Chase*, 14 Wis., 653.

The judgment is affirmed, with costs.

A rehearing was granted, and the cause was re-argued at the January term, 1865.

*Wheeler & Brown*, for appellant.

*C. C. Remington*, for respondent:

1. It did not appear on the trial in the circuit court, that the note offered in evidence was the same one on which the action was commenced. The complaint did not show for what amount that note was given. It appears that the note was not filed wth the justice as a part of the complaint, (1.) Because the justice makes no mention of such filing in his docket, but

states that the complaint was made in a different way. (2.) Because the note would in that case have been returned to the circuit court as a part of the papers in the case; which was not done. The justice does not return any statement to the effect that any such note was was offered in evidence before him. The indorsement upon the note was not offered in evidence, and would not have proved what is claimed if it had been. 2. The note was not *received* in evidence. Could the mere *offer* of evidence, which is rejected, prove facts sufficient to oust a court of jurisdiction, which jurisdiction, but for such offer, would be unquestionable? 3. A verdict follows in all cases after a jury is sworn, unless a juror is withdrawn, or a nonsuit is asked by one of the parties. 4. If the judgment is wrong, still it does not injure the appellant, and therefore will not be disturbed. (1.) If the note offered in evidence is the one on which the suit was brought, the justice had no jurisdiction, and the action must eventually be dismissed with costs. (2.) The judgment, if affirmed, would be no bar to a new action on the note offered in evidence; since the very existence of such a judgment is upon the supposition that the justice's court had jurisdiction of the suit, which therefore could not have been on *this* note. Besides, it is not described in the complaint and therefore could not be barred.

*By the Court,* DOWNER, J. We are satisfied that the circuit court erred in trying or attempting to try this case on the merits, and in rendering judgment for costs. We cannot agree with the counsel for the respondent that it nowhere appears in the record that the note offered in evidence in the circuit court is the same as that declared on before the justice. We think the indorsement on the back of it sufficiently proves it to be the note on which the suit was brought. The former opinion of this court in this case, that the justice had no jurisdiction of the subject matter of the action, and that therefore the circuit court, on appeal, had no jurisdiction, is right.

*Malone v. Clark*, 2 Hill, 657; *Stephens v. Boswell*, 2 J. J. Marshall, 29. But we think the former opinion, so far as it relates to the right of the circuit court to give judgment for costs, was erroneous. The case of *Paine et al. v. Chase*, 14 Wis., 653, referred to in the former opinion, relates to the practice of the supreme court, and correctly construes the statute regulating costs in this court. But the circuit court, instead of trying the case, should have dismissed the appeal for want of jurisdiction; and if any costs could have been given by the circuit court on such dismissal, the judgment would have been *against* the respondent in this court, defendant and appellant below; whereas the circuit court empanneled a jury, tried the case, and rendered a judgment in *favor* of the respondent on a verdict of the jury in his favor, that the plaintiff take nothing by his action, and for costs.

We think, however, on a dismissal by the circuit court of the appeal for want of jurisdiction, it can render no judgment for costs. 1 Wis., 511; 4 Wis., 188.

The judgment of the circuit court is reversed, with costs.