AVERY vs. ROWELL.

*November 23 — December 11, 1883.*

*(1, 2) Guaranty: Partnership. (3) Jurisdiction of J. P.*

1. One partner signed the firm name to a guaranty in the following form: "If you rent your house to H., *I* will be responsible for the rent of the same as long as said H. remains in our employ." *Held*, that, *by the terms* of the guaranty, that partner alone, and not the firm, was bound.
2. One partner cannot bind the firm by a contract of guaranty unless it is within the scope of the partnership business.
3. A justice of the peace has jurisdiction of an action to recover a balance of $200 rent remaining unpaid upon a lease from year to year at $150 per year, although the rents previously paid from year to year on such lease amount in all to more than $500.

APPEAL from the County Court of *Dodge* County.

The plaintiff appealed from a judgment of nonsuit. The facts are stated in the opinion.

For the appellant there was a brief by *Sloan, Stevens & Morris,* and oral argument by *Mr. Sloan.* To the point that one partner cannot, by his individual act, bind the firm as the guarantor of the debt of another, or as a party to a note or bill made for the accommodation of or as surety of

another, without authority specially given him for the purpose, they cited: Brandt on Suretyship, § 10; *Sweetser v. French*, 2 Cush., 309; *Rollins v. Stevens*, 31 Me., 454; *Bank of Rochester v. Bowen*, 7 Wend., 158; *Foot v. Sabin*, 19 Johns., 154; *Boyd v. Plumb*, 7 Wend., 309; *Langan v. Hewett*, 21 Miss., 122; *Andrews v. Planters' Bank*, 15 Miss., 192; *Rolston v. Click*, 1 Stew. (Ala.), 526; *Mayberry v. Bainton*, 2 Harr., 24; *Maudlin v. Branch Bank*, 2 Ala., 502; *Selden v. Bank of Commerce*, 3 Minn., 166; *Hamill v. Purvis*, 2 Pa., 177; *Sutton v. Irwine*, 12 Serg. & R., 13; *Mc-Quewans v. Hamlin*, 35 Pa. St., 517; *Marsh v. Thompson Nat. Bank*, 2 Brad., 217; *Davis v. Blackwell*, 5 id., 32; *Clark v. Hyman*, 55 Iowa, 14; *Moran v. Prather*, 23 Wall., 492; *Brettel v. Williams*, 4 Exch., 623, 630; Story on Part., § 127; 3 Kent's Comm., 46–7; *Hasleham v. Young*, 5 Q. B., 833.

For the respondent the cause was submitted on the brief of *James J. Dick*.

ORTON, J. This action was brought before a justice of the peace for a balance of $200 remaining unpaid upon a lease from year to year, at an annual rent of $150 per year, which had run for several years, all previous rents having been paid, leaving only this balance. The lessee was one I. J. Hibbard, from the plaintiff, of a dwelling-house. At the time this lease was made the lessee, Hibbard, was in the employ of J. S. Rowell & Co., a manufacturing firm of the city of Beaver Dam, of agricultural implements, and as a guaranty for the payment of the rents said *J. S. Rowell* executed and delivered to said Hibbard the following guaranty, to wit:

"BEAVER DAM, April 22, 1870.

"*Allyn A. Avery, Esq.*— DEAR SIR: If you rent your house to Mr. I. J. Hibbard, I will be responsible for the rent of the same as long as said Hibbard remains in our employ.

[Signed]     "Respectfully,     J. S. ROWELL & Co."

The evidence before the justice was in substance that *J. S. Rowell* executed this guaranty, and that Hibbard occupied the premises so leased from that time until July, 1876, and that the rents had been paid on previous years to the amount of $831.26, leaving a balance of less than $200. The suit is brought on this guaranty against *J. S. Rowell* alone for this balance. It was also in evidence that the plaintiff had never had any notice that Hibbard had left the employ of J. S. Rowell & Co., and that most of the payments had been made by Hibbard personally, and some of them through the firm, Hibbard being book-keeper of the firm. A motion was made before the justice that the suit be dismissed because not brought against the proper parties, and the motion was granted and a nonsuit entered; and on appeal to the county court such judgment of dismissal and nonsuit on that ground was affirmed. In this court, for the first time, the objection is taken that the justice had no jurisdiction of the amount in controversy. There are therefore only two questions to be considered here: (1) Ought the suit to have been brought against the partnership of J. S. Rowell & Co.? and, (2) Did the justice have jurisdiction to try the action?

*First.* The guaranty itself does not in terms bind the firm. The defendant, *J. S. Rowell*, says therein: "I will be responsible for the rent," etc. It is true, he signs the partnership name to the guaranty, but by such a limitation of liability to himself alone, the partnership name is mere description, or perhaps in this case to indicate the company by which Hibbard was employed. By the terms of this guaranty *J. S. Rowell* alone has become bound. Parsons on Part., § 213. But even if he had sought to bind his firm to this guaranty, the partnership would not be bound thereby, because it does not appear that the giving of it was necessary for the carrying on the business of the firm in the ordinary way. 1 Collyer on Part., 666. It was no part of the

Avery vs. Rowell.

ordinary business of this firm to guaranty rents, even for their employees. De Colyar on Guar., 194. The contract of guaranty must be within the scope of the partnership business. Baylies on Guar., 49; Parsons on Part., § 216; *Hope v. Cust*, 1 East, 53; *Crawford v. Stirling*, 4 Esp., 207; *Brettel v. Williams*, 4 Exch., 623. . This limitation of the power of one partner to bind the firm to the ordinary partnership business has been frequently recognized by this court, and is really elementary. *Freeman v. Carpenter*, 17 Wis., 126. The learned counsel of the appellant have cited in their brief numerous cases to the same general effect, which need not be reproduced in this opinion. It does not appear that there was any obligation or agreement by the firm, or that it was a part of their ordinary business, to guaranty the contracts of their employees, either for rent or anything else. If the defendant signed the partnership name to this guaranty without authority, and so it appears, he at least bound himself. He was therefore the only proper party defendant in this suit.

*Second.* The question of jurisdiction of the justice of the subject matter of the action will be disposed of briefly, for it is wholly a matter of statutory regulation, and not at all complicated. The complaint shows that the lease had run for several years at $150 per year, and all the rents had been paid from year to year down to this last balance of within $200, which is the only sum demanded. This simple statement brings the case within subdivisions 2 and 4, sec. 3572, R. S. The jurisdiction of a justice in such a case, under all the various statutes, has been sanctioned by this court in numerous cases, from *McCormick v. Robinson*, 2 Pin., 276, down to the present time. *Keegan v. Singleton*, 5 Wis., 115; *Felt v. Felt*, 19 Wis., 193.

*By the Court.*— The judgment of the county court is reversed, and the cause remanded with direction to that court to reverse the judgment of the justice.