## MAGONE, Collector, *v.* KING *et al.*

*(Circuit Court of Appeals, Second Circuit. July 20, 1892.)*

**1. CUSTOMS DUTIES—CLASSIFICATION—COPPER ROLLERS.**
Under the tariff act of 1883, rollers used in printing patterns, and composed wholly of copper, were dutiable at 35 per cent. *ad valorem* under the copper clause of the metal schedule, (C,) which clause includes "copper in rolled plates, * * * and all manufactures of copper, or of which copper shall be a component of chief value," and not at 45 per cent. under the residuary clause of that schedule, which provides for manufactured articles not specifically enumerated, composed wholly or in part of iron, steel, copper, lead, etc.

**2. SAME—CONSTRUCTION OF STATUTE.**
As the act of 1883 reduced the duty on copper and copper articles, while it increased it on unenumerated metal articles, it would defeat the intent of congress to place the imports under the latter clause; and the rule applies that general legislation must give way to special legislation on the same subject.

**3. SAME.**
In such case the provision of the act declaring that if two or more rates of duty are applicable to any imported article "it shall be classified for duty under the highest of such rates," has no application, for the articles in question are clearly subject only to the duty of 35 per cent.

Error to the Circuit Court of the United States for the Southern District of New York.

Action by William King and Robert A. Lawrie against Daniel Magone, as collector of the port of New York, to recover $370.31, alleged to be an excess of duty paid by them. The court directed a verdict for plaintiffs, and defendant brought this writ of error. Affirmed.

The imports in question were certain rollers composed wholly of copper, and used in printing patterns on oilcloth. The collector levied and collected a duty of 45 per cent. *ad valorem*, under the last paragraph of Schedule C, Tariff Act of March 3, 1883, (22 St. at Large, c. 121, p. 500; Heyl, 216.) The importers protested, claiming that the rollers were dutiable at 35 per cent. *ad valorem*, under the copper clause of said schedule, (Heyl, 186.) The importers appealed to the secretary of the treasury, who affirmed the collector's decision, and thereupon this action was brought.

*Edward Mitchell*, U. S. Atty., and *Charles Duane Baker*, Asst. U. S. Atty., for plaintiff in error.

*Wm. Wickham Smith*, for defendant in error.

Before WALLACE and SHIPMAN, Circuit Judges.

WALLACE, Circuit Judge. The question in this case is whether certain manufactured articles composed wholly of copper—being rollers for use in printing patterns—were dutiable under the copper clause of Schedule C of the tariff act of March 3, 1883, "Metals," or the residuary clause. The former reads as follows:

"Copper, in rolled plates, called 'braziers' copper,' sheets, rods, pipes, and copper bottoms, and all manufactures of copper, or of which copper shall be the component of chief value, not specially enumerated or provided for in this act, 35 per centum *ad valorem*."

The residuary clause reads as follows:

"Manufactures, articles, or wares not specially enumerated or provided for in this act, composed wholly or in part of iron, steel, copper, lead, nickel, pewter, tin, zinc, gold, silver, platinum, or any other metal, and whether partly or wholly manufactured, 45 per centum *ad valorem*."

We have no difficulty in reaching the conclusion that the copper rollers were dutiable under the copper clause, instead of under the residuary clause of Schedule C. The copper clause is reproduced from the pre-existing tariff act, except that the rate of duty is reduced from 45 to 35 per centum *ad valorem*, while the residuary clause increases the duties imposed by the pre-existing act upon all unenumerated metal articles from 35 per cent. *ad valorem* to 45 per cent. Thus it was manifestly the intention of congress, while increasing the duties on metal articles generally, to reduce those on manufactures of copper, or of which copper is the component of chief value. The intention to create an exception in favor of copper articles would be frustrated by treating the residuary clause as the operative one.

The settled rule of statutory construction is that general legislation must give way to special legislation on the same subject, whether the provisions are found in the same statute or in different statutes; and general provisions must be interpreted so as to embrace only cases to which the special provisions are not applicable. *Churchill* v. *Crease*, 5 Bing. 179; *State* v. *Clarke*, 25 N. J. Law, 54; *Long* v. *Culp*, 14 Kan. 412; *Felt* v. *Felt*, 19 Wis. 193; *State* v. *Trenton*, 38 N. J. Law, 64; *Townsend* v. *Little*, 109 U. S. 504, 3 Sup. Ct. Rep. 357. Applying this rule of construction, the residuary clause, so far as it relates to copper articles, can be read so as to subject to the duty of 45 per cent. all metal articles not specially enumerated in which copper is not a component of chief value. It is a drag-net clause, framed to embrace all metal articles not elsewhere in Schedule C subjected to duty.

The provision of the act of 1883, declaring that, if two or more rates of duty are applicable to any imported article, "it shall be classified for duty under the highest of such rates," has no application to the present case, because under the correct construction of the two clauses the importations in suit are subject only to the duty of 35 per centum *ad valorem*. The judgment is affirmed.