UNITED STATES v. FRANKEL et al.

(Circuit Court, S. D. New York. June 3, 1895.)

No. 2,152.

CUSTOMS DUTIES—DIAMONDS—ACT AUG. 28, 1894.

Diamonds, cut but not set, *held* dutiable at 25 per cent. ad valorem, under paragraph 338, Act. Aug. 27, 1894, as "precious stones of all kinds, cut but not set," and not free of duty. under paragraph 467 of said act.

The word "diamonds," in the latter paragraph, *held* to cover only "miners', glaziers', and engravers' diamonds not set," and to be only a heading to that paragraph, and restricted to the particular diamonds therein enumerated.

At Law. Appeal on behalf of the United States from decision of the board of United States general appraisers reversing the decision of the collector. Reversed.

J. Frankel's Sons imported on September 15, 1894, certain diamonds, cut but not set, upon which the collector assessed a duty of 25 per cent. ad valorem, under paragraph 338. Importers protested, claiming all diamonds to be free, under paragraph 467.

Henry C. Platt, Asst. U. S. Atty., for the United States.
W. Wickham Smith, for importers.

TOWNSEND, District Judge (orally). The articles in question in this case are diamonds, cut but not set, imported September 15, 1894. They were assessed for duty by the collector of customs at the port of New York at 25 per cent. ad valorem, under paragraph 338 of the act of August 28, 1894, which reads as follows:

"338. Precious stones of all kinds, cut but not set, twenty five per centum ad valorem; if set, and not specially provided for in this act, including pearls set thirty per centum ad valorem; imitations of precious stones, not exceeding an inch in dimensions, not set, ten per centum ad valorem. And on uncut precious stones of all kinds. ten per centum ad valorem."

The importers protested, claiming that the diamonds were free of duty, under paragraph 467 of the free list of said act, which reads as follows:

"467. Diamonds; miners', glaziers', and engravers' diamonds not set, and diamond dust or bort, and jewels to be used in the manufacture of watches or clocks."

The board of general appraisers were of the opinion that congress did not intend to place the diamonds in question on the free list, but, for certain reasons stated in their opinion, they reversed the decision of the collector and held that said diamonds were entitled to free entry under said paragraph 467. From this decision the United States appeals.

It is admitted that the articles are "diamonds cut but not set," and that they are "precious stones." The position of the word "diamonds" at the head of paragraph 467 in the free list, printed in the same type as the rest of the paragraph, and followed by a semicolon, of itself raises a presumption that congress thereby intended to place all diamonds upon the free list. The rest of said paragraph, and the language of paragraph 338, forcibly suggest a contrary intention. It has therefore been found necessary to examine the general plan of the whole act, and the punctuation, type, and language thereof.

It appears that in said act congress frequently placed at the beginning of a paragraph the general name or description of articles specifically named therein merely as a heading to such paragraph, and for no other purpose. In some of these instances the type and punctuation are the same as in paragraph 467. It also appears

that it is a part of the general plan of the act to arrange articles and their subheadings in alphabetical order. It further appears from an examination of the whole statute that congress could not have intended to make all diamonds free of duty under said act. Irrespective of the history, and admitted object of said statute to increase duties on luxuries, and reduce duties on necessities, the language of paragraph 338 is most significant upon this point, as showing the legislative intent. It not only provides for a duty of 25 per cent. ad valorem upon precious stones of all kinds, cut but not set, but also provides for a duty of 10 per cent. ad valorem on uncut precious stones of all kinds, and on imitations of precious stones. The second section of said act reads as follows:

"On and after the first day of August, eighteen hundred and ninety-four, unless otherwise provided for in this act, the following articles, when imported, shall be exempt from duty."

If, therefore, diamonds are otherwise provided for in said act, they would not be included in the free list. The phrase, "precious stones of all kinds, cut but not set," not only concededly covers diamonds, but is a specific provision, and the only provision, for "cut" diamonds. The counsel for the government strenuously contends that the phrase, "precious stones, cut but not set," is a more specific description of these diamonds, cut but not set, in the condition in which they are imported, than the single word "diamonds" in the free list. In that event the more specific appropriation must control. Magone v. King, 1 U. S. App. 267, 2 C. C. A. 363, 51 Fed. 525. It is further to be borne in mind that paragraph 338, in terms, covers precious stones "of all kinds." If it were intended by the use of the word "diamonds" in paragraph 467 to make all diamonds free, as is contended by counsel for the importer, then miners', glaziers', and engravers' diamonds, when set, would be free of duty. But it is manifest that congress could not have intended this result, because, by the express language of said paragraph, such diamonds are only free of duty when not set. And, finally, if the word "diamonds" in paragraph 467 was anything more than a subheading, there would have been no necessity of adding thereafter, in the same paragraph, the different kinds of diamonds, such as miners', glaziers', and engravers' diamonds. No sufficient reason has been suggested why, if all diamonds were to be free, congress should have specifically provided for miners', glaziers', and engravers' diamonds, cut but not set. I therefore am of the opinion that congress did not intend by the act of August 28, 1894, to admit diamonds free of duty, but that a consideration of the general plan and arrangement of said act, and a comparison of the foregoing provisions, show a plain intent to impose a duty of 25 per cent. on diamonds cut but not set. The decision of the board of general appraisers is reversed.