## SCANDINAVIAN AMERICAN BANK, a Corporation, v. N. W. HALL and Mrs. N. W. Hall.

(164 N. W. 22.)

**Justice's court — action pending in — want of jurisdiction — dismissal — defendant — appearance — motion — demurrer — entitled to costs.**

Upon the dismissal of a case in a justice's court for want of jurisdiction, upon motion made or demurrer interposed by the defendant, he is entitled to judgment for costs.

Opinion filed July 14, 1917.

Appeal from the District Court of Cass County, *Pollock*, J.

Plaintiff appeals.

Affirmed.

*Harry Lashkowitz*, for appellant.

No appearances for respondents.

CHRISTIANSON, J. Plaintiff brought this action in a justice's court upon a promissory note. It appears from the summons and complaint that the amount due upon the note is $200, principal, and $13.32 interest, making an aggregate of $213.32. On the return day the defendants appeared by an attorney duly authorized to practise in the courts of this state, and demurred to the complaint on the ground that the justice's court had no jurisdiction of the subject of the action. The demurrer after argument was sustained by the justice. The parties thereupon stipulated "that the plaintiff be given one day in which to amend his complaint and that postponement be taken for that purpose." At the time stipulated, the parties having again appeared before the justice by their respective attorneys, plaintiff's attorney stated that he had not amended the complaint. The justice thereupon ordered that the demurrer be sustained and the action dismissed. The defendants' attorney thereupon demanded that costs be taxed in favor of the defendants. This question was argued by the respective attorneys, and the justice refused to tax costs. The defendants appealed to the district court from the judgment, assigning the failure to tax costs in their

favor as error. The district court reversed the justice's decision on this question, and taxed costs in favor of the defendants.

Plaintiff has appealed from the decision of the district court, and the sole question involved on this appeal is whether defendants were entitled to recover costs in the justice's court. Plaintiff contends that, inasmuch as the amount prayed for in the complaint exceeded the jurisdiction of the justice of the peace, all proceedings had before the justice were a nullity, and the justice had no power or authority to tax costs or enter judgment therefor. Costs are the creature, and their allowance in any case depends upon the terms of the statute. 5 Enc. Pl. & Pr. 110.

Section 9106, Comp. Laws 1913, provides: "The justice must tax and include in the judgment the costs allowed by law to the prevailing party." Section 9097, Comp. Laws 1913, provides: "Judgment that the action be dismissed without prejudice to another action may be entered with costs to the defendant in the following cases. . . . (3) When a demurrer to the complaint has been sustained and the plaintiff fails to amend within the time allowed by the court."

Section 9009, Comp. Laws 1913, makes the provisions of the Code of Civil Procedure applicable to proceedings in justice courts as far as applicable when the mode of procedure is not prescribed by the Justice's Code.

Section 7797, Comp. Laws 1913, provides: "When an action is dismissed from any court for want of jurisdiction, . . . the costs must be adjudged against the party attempting to institute or bring up the action."

While the allowance of costs are dependent upon statutory provisions, the courts have differed as to the application of such provisions and as to the allowance of costs in causes where there is a want of jurisdiction. Some courts proceed upon the theory that, as the court is without power to adjudicate upon the merits, it possesses no jurisdiction or power to give costs to either party, and can only strike the case from its docket. Other courts have refused to adopt this theory and allow costs to a party who is successful in securing a dismissal of an action even for want of jurisdiction.

The supreme court of Indiana, in adopting the latter theory, said: "The court had jurisdiction of the parties. The parties had the right

to appear,—the plaintiff to insist upon his right to have the action maintained, the defendant to urge his motion to dismiss,—and the court must adjudge the matter. Upon the result of such adjudication it seems to be reasonable and proper that the prevailing party recover a judgment for his costs." Dixon v. Hill, 8 Ind. 147. The supreme court of Texas, in discussing this question, said: "A party cannot attempt to invoke the jurisdiction of a court by suit and say he is exempt from the costs of the proceeding on the ground that the court had no jurisdiction." Baines v. Mensing, 75 Tex. 200, 12 S. W. 984. See also Kent v. Labette County, 42 Kan. 534, 22 Pac. 610; Bradstreet Co. v. Higgins, 114 U. S. 262, 29 L. ed. 176, 5 Sup. Ct. Rep. 880; Paine v. Chase, 14 Wis. 653; 5 Standard Enc. Proc. 847.

We are satisfied that, under the statutory provisions above quoted, a defendant who appears in an action, and raises the question of want of jurisdiction, and succeeds in having the action dismissed upon such ground, is entitled to recover costs against the adverse party.

The decision of the District Court must therefore be affirmed. It is so ordered.