Judge Simpson
delivered the opinion of the Court.
The plaintiffs in error exhibited a bill in chancery in the Madison Circuit Court, asserting title as the heirs at law of Rachael Shackelford, deceased, to a tract of land in Madison county. In their hill they alledged that William Masterson had fabricated, and set up, and caused to be entered of probate in the Lincoln County Court, a writing purporting to be the last will and testament of Rachel Shackelford, in which he was appointed executor, and was made devisee of part of her estate. They also alledged that the instrument of writing thus recorded in the Lincoln County Court was not the last will and testament of Rachael Shackelford : but nevertheless, Masterson, acting as her executor under the pretended will, had taken possession of the land in Madison county, and had rented it out and received the rents. It was further alledged that *18 if the writing alluded to should be established as the last will of Mrs. Shackelford, they were entitled under its provisions, to an undivided share of the land in Madison, and prayed for a partition, and that Masterson should account for the rents and profits, whether the 'Will was established or not.
A suit in chancery to test the validity of a will can be brought only in the county where the testator was domieilled and the will proved: (9 B. Monroe, 449.)
There are cases where consent or an answer to the merits will be taken as a waiver of the question of jurisdiction; but no waiver will be presumed, where it is insisted upon in the answer and the grounds stated. And in such ease a consent to change the venue is no waiver of the objection to the jurisdiction.
*18 Masterson answered, relying upon the writing as the last will and testament of Mrs. Shackelford, and in the conclusion of his answer, excepted to the jurisdiction of the Madison Circuit Court, upon the ground that the residence of the testatrix at the time of her death, was in the county of Lincoln, and that probate of her will had been made in the County Court of that county.
By consent of the parties, the suit was taken to the Garrard Circuit Court, and after a day had been appointed for a trial by a jury, to determine the question in relation to the validity of the will, and several continuances had been procured, the Court took up the case upon the plea to the jurisdiction, and rendered a decree dismissing so much of the complainant’s - bill, with costs, as attempted to impeach the validity of the will. The propriety of that decree, is now questioned by the complainant’s on several grounds.
It is admitted that the jurisdiction belonged to the Lincoln, and not to the Madison Circuit Court, according to the decision in the case of McCall and wife, against Yallandingham, &c., (9. B. Monroe, 449,) but it is insisted that the objection to the jurisdiction was waived, by answering to the merits, and by subsequently consenting to a change of venue, and permitting the cause to progress from one stage to another, without pressing for an adjudication of the question of jurisdiction.
If the court in which the suit was originally instituted, had jurisdiction, it must have been acquired by the consent of the parties. There are cases, where a Court of chancery having jurisdiction over the subject matter, but not having a right to exercise it, in a particular case, because the defendants are not found, and served with process within the limits of its jurisdiction — may *19 acquire it, by the consent of the parties and such consent upon the part of the defendant, may be implied from his appearing and answering to the merits, without contesting the jurisdiction of the Court. But no such implication can arise in this case, because the defendant, in the answer that he filed, not only excepted to the jurisdiction of the Court, but stated at large the reasons why the jurisdiction belonged to the Court of another county.
Where the complainant’s bill shows the want of jurisdiction no plea to the jurisdiction is necessary.
Gan jurisdiction be given, by consent, to try the validity of a will in any other county than that in which the will is proved?
And having placed his objections to the jurisdiction of the Court upon the record, whereby the complainants were notified that he relied upon that ground of defense, no inference of assent to the jurisdiction of the Court in opposition to his explicit protest against it, can be deduced from his subsequent acts, in consenting to a change of venue, and permitting days to be fixed by the Court for the trial of the issue by a jury.
When the complainant’s bill, as in this case, shows that the Court has no jurisdiction, no plea to the jurisdiction is necessary. If the defendant does no act, from which his assent to the jurisdiction of the Court can be implied, he may avail himself of the objection, at any stage of the proceedings; and if an answer to the merits, without any objection to the jurisdiction of the Court, would be considered as a waiver of the objection, such an inference cannot arise when the answer alledges the want of jurisdiction, and sets it up, and relies upon it as matter of defense.
We would not, however, be understood as admitting that the Madison Circuit Court could have acquired jurisdiction to inquire into, and determine the validity of the will, probate of which had been made in the Lincoln County Court, even by the express assent of. the parties. The probate of a will, is a proceeding in rem, affecting not only the parties before the court, but other persons. It is evidence, not merely against parties and ' privies, but also against strangers. If probate be granted by the County Court, any person interested, if he appear within a certain period, may exhibit his'bill, and by contesting the validity of the will, virtually impeach *20 propriety of the probate granted by the County Court. The proceeding in chancery is in effect a re-in- ■ vestigation of the question of probate, and is as purely local as the probate itself. As strangers may be incidentally interested in the question of probate, the parties to a suit in chancery, contesting the validity of a will, should not be permitted by consent to invest the court in any county in the State, with, a jurisdiction that is peculiarly and essentially local in its character. But we do not deem it necessary to decide this point at present, as no assent to the exercise of jurisdiction by the Madison Circuit Court, in this case, was given by the defendant.
Nor can the er*questions0 of ceilor ims^urisdiction, give jurisdietion to any other Court than probate'of awiil is made.
Where «re Court has nbeeauseflie suit’¡s not bro’t within the proper territorial limits, if it have jurisdiction of like subjects within its limits, it shouldgive costs to the defendants.
*20 ■ But it is contended that the Madison Circuit Court had jurisdiction to settle with the executor for the rents and profits of the land, and to decree partition thereof among the claimants ; and having jurisdiction for these purposes, and especially to decree a partition which is , . ... . , , ....... also local, that it thereby acquired jurisdiction to m-inquire into the validity of the will, that being necessary to be done before partition could be made. If the admixture of subjects, concerning some of which the Court had jurisdiction could operate to transfer the jurisdisdiction as to the others, from the Court to which they properly belonged and impart it to the Court where the suit was instituted, there would be no difficulty in affecting a change of jurisdiction in almost every case, in which there might be a contest about a will.
The real question presented by the complainant’s bill, is- in relation to the validity of the will. All the other questions are subordinate to that one, and to a great degree dependent upon it. That question should have been tried and determined in the proper Court, and when that had been done, a suit for partition in the county where the land is situated might have been brought there, if the result of the contest about the will rendered it necessary.
An objection is also made to the decree, because it <iirecte(i the complainants to pay the costs that had accrLiec^ uPon that branch of the controversy, that was dismissed out of Court for the want of jurisdiction. Ar *21 these costs have been occasioned by the act of the complainants, it is clearly just and right that they should pay them. Although the Court had no jurisdiction in the case, to try the question concerning the validity of the will, yet having jurisdiction in similar cases occurring within its territorial limits, it had power to enter a decree against the complainants for the costs, which power was under the circumstances properly exercised.
Turner for plaintiff; Bell and Harlan for defendants.
Wherefore the decree is affirmed.