FREEMAN BROWN *versus* CYRUS ALLEN *& als., Appellants.*

When an appealed action is dismissed from this Court on account of the illegality of the recognizance, the appellee is entitled to recover costs incurred for the travel and attendance of his witnesses.

ON EXCEPTIONS from *Nisi Prius.*

APPEAL from the judgment of a trial justice. After being opened to the jury, the action was, on motion of the plaintiff, dismissed from this Court, because the recognizance contained a condition unauthorized by the statute. Whereupon, the plaintiff claimed costs accrued here for the travel and attendance of his witnesses, which the presiding Judge disallowed, and the plaintiff alleged exceptions.

*Libbey & Snow,* for the defendants.

1. The case shows no error. If the witness fees could be legally disallowed on any state of facts, the case shows no error in law.

2. Court had no jurisdiction. It was apparent upon the record, that the appeal was void. It was proper for the plaintiff to appear and suggest want of jurisdiction and for that recover costs. Should have presented that question before bringing his witnesses. He should not be allowed for witnesses when it is apparent on the record that there can be no trial. Formerly no costs were allowed in cases like this, but latterly courts have allowed parties for appearing and submitting the question of want of jurisdiction. *Bergen* v. *Jones,* 4 Met., 371; *Jordan* v. *Dennis,* 7 Met., 590; *Cary* v. *Daniels,* 5 Met., 236; *Bowler* v. *Palmer,* 2 Gray, 553; *Hunt* v. *Hanover,* 8 Met., 343; *Elden* v. *Dwight Man. Co.,* 4 Gray, 201; *Call* v. *Mitchell,* 39 Maine, 465.

*E. Kempton,* for the plaintiff,

Cited *Hilton* v. *Longley,* 30 Maine, 220; *French* v. *Snell,* 37 Maine, 100; *Dolloff* v. *Hartwell,* 38 Maine, 54; *Call* v. *Mitchell,* 39 Maine, 465.

Brown *v.* Allen.

APPLETON, C. J. — This was an action of trespass *quare clausum*, originally brought before a trial justice, by whom judgment was rendered in favor of the plaintiff, from which the defendants appealed.

When the cause came for trial in this Court, upon the plaintiff's motion, the appeal was dismissed on account of irregularity in the recognizance. In such case this Court have jurisdiction so far as to allow costs to the prevailing party. *Call* v. *Mitchell*, 39 Maine, 465. In all cases in which an action is dismissed for want of jurisdiction in the court in which it is commenced, the defendant is entitled to a judgment for costs. *Hunt* v. *Hanover*, 8 Met., 343 ; *Elden* v. *Dwight Manufacturing Co.*, 4 Gray, 201.

In the taxation of costs, the plaintiff taxed for his own travel and attendance and for that of his witnesses, who were present when the action was dismissed. The presiding Justice disallowed the taxation of the plaintiff's witnesses and allowed the remaining costs as taxed. No reason is shown for this discrimination. The plaintiff was bound to be ready for trial. He could not foreknow the result of his motion, and, if adverse, he would have no excuse for want of readiness. By R. S., 1857, c. 82, § 94, " in all actions, the prevailing party shall recover costs, unless otherwise specially provided." There is no special provision depriving this plaintiff of his costs. The burden is on the party objecting to their taxation to show good cause for their disallowance. This he has not done. No reason appears in the exceptions on account of which they were disallowed. The presumption is that they should have been allowed, no cause being shown to the contrary.

*Exceptions sustained.*

CUTTING, WALTON, DICKERSON and TAPLEY, JJ., concurred.