### No. 2,484.

HENRY BLAIR, RESPONDENT, *v.* JAMES H. CUMMINGS, APPELLANT.

JUDGMENT FOR COSTS ON DISMISSAL OF APPEAL. — When a County Court dismisses an attempted appeal from a Justice's Court, because of the failure of appellant to prosecute the appeal, or for want of jurisdiction of the subject-matter, it may render a judgment for costs against the appellant.

CERTIORARI to the County Court of Sacramento County.

Suit was brought in the Justice's Court of Lee Township, in Sacramento County, to recover damages in the sum of one hundred dollars. The Court rendered judgment in favor of plaintiff for the sum of $15 and costs. Notice of appeal was filed with the Justice of the Peace, but was not served on plaintiff nor any one representing him. A sufficient undertaking on appeal was also filed and a transcript of the docket of the Justice of the Peace sent with the other papers to the County Court. On motion of plaintiff's attorney, the appeal was dismissed because no legal notice had been served on plaintiff, and a judgment for costs rendered in favor of plaintiff for witness' fees, etc. Motion was afterwards made by defendant to set aside the judgment for costs on the ground that the Court had no jurisdiction to render the same, which motion was overruled. Defendant thereupon applied to this Court for a writ of *certiorari*, on the ground that the County Court exceeded its jurisdic-

tion in rendering said judgment against the defendant, requiring said Court to certify the record and proceedings in the action of *Blair* v. *Cummings*, in said County Court, and for an order staying execution and all proceedings in the County Court herein until said writ be disposed of in the Supreme Court.

*Alexander, Armstrong & Hinkson,* for Appellant.

*First*—The County Court has no jurisdiction of actions to recover damages for trespass, except on appeal from Justices' Courts. (Sec. 8, Art. VI of the Constitution.)

*Second*—"The appeal shall be taken by filing a notice of appeal with the Justice and serving a copy on the adverse party." (Prac. Act, Sec. 24.) But this was not done. (*People* v. *Harris*, 9 Cal. 572–3.)

*Third*—"For a failure to prosecute an appeal, or unnecessary delay in bringing it to a hearing, the County Court, after notice, may order the appeal to be dismissed." (Prac. Act, Sec. 367.) But in this the authority of the Court to make an order pre-supposes that an appeal had been taken, and by reason thereof an action pending in that Court. In no other case does the statute authorize an order to be made.

*Fourth*—There was no action pending in the County Court, and the Court had no jurisdiction. (*Buffendeau* v. *Edmondson*, 24 Cal. 97–94; *Bond* v. *Hickman*, 29 Cal. 463; *Hastings* v. *Halleck*, 10 Cal. 31; *Coffin* v. *Tracy*, 3 Caines, 129, and other cases cited.)

*Fifth*—As there was no notice of appeal served on the plaintiff, the Court had no jurisdiction of the cause and there was no action pending in the County Court in which a judgment could be rendered. If no judgment could be rendered, there could be no prevailing party, and it is only to the prevailing party in an action that costs are allowed. (Prac. Act, Sec. 494–5.)

*Sixth*—As the County Court has no jurisdiction of the parties, its judgment for costs is void. (*McMinn* v. *Whelan*, 27 Cal. 300.)

*Seventh*—If the judgment of the County Court is not void, then this anomaly is presented: The judgment of the Jus-

tice's Court for damages and costs is valid; and in the same action there is another judgment in the County Court for costs.    *Two final* judgments in the same action, in different Courts.    There can be but one judgment in the same action, and when there is an appeal from a Justice's Court, that judgment must be rendered in the County Court.    (*People* v. *Freelon,* 8 Cal. 517.)

And if, in this case, there had been an appeal, the defendant was entitled to be heard on the merits, as there was no "failure to prosecute;" but the Court dismissed the action, or supposed action, because none had been brought into Court.    As there was no jurisdiction, the judgment should be reversed.

*P. Dunlap,* for Respondent.

The cases of *Hastings* v. *Halleck, Buffendeau* v. *Edmondson* and *Bond* v. *Hickman,* cited by appellant to show what constitutes an appeal, were appeals from the District to the Supreme Court, and not analogous to this case.

Those cases were all dismissed on motion of the respondent, with cost awarded by the Court against the appellant; and such has ever been the practice of this Court, both as formerly organized and now constituted.

If it is warranted in the Supreme Court, for want of proof of service of notice of appeal, or from any other cause, the County Court has the same authority in relation to cases of appeal to that Court.

SPRAGUE, J., delivered the opinion of the Court, RHODES, C. J., CROCKETT, J., and WALLACE, J., concurring.

The power of the County Court to render a judgment against appellant for costs on dismissal of an attempted appeal from a judgment of a Justice's Court, by reason of failure of appellant to perfect his appeal, or for want of jurisdiction of the subject-matter of the appeal, is undoubted, and was directly affirmed by this Court in the case of *The*

*People ex rel. Leet* v. *The County Court of Placer County,* decided at the October Term, 1869.

The writ is, therefore, dismissed.

TEMPLE, J., expressed no opinion.