LINTON v. THE COMMISSIONERS OF LINN CO.

1. APPEAL—*Discretion of Board of County Commissioners.* No appeal lies from the decision of a board of county commissioners rejecting an application of a probate judge for an allowance out of the county treasury, under the provisions of section 85, chapter 25, General Statutes.

2. ———— The power to make the allowance is a discretionary one, and cannot be exercised by any other tribunal. To permit an appeal from the decision of the board of commissioners in such case would in effect take from them this discretion and vest it in others.

*Error from Linn District Court.*

DAVID LINTON was Probate Judge of Linn county; his fees, allowed and collected under § 4, ch. 39, Gen. Stat. 1868, p. 477, were less than $450 per year. He applied to the board of county commissioners, to make an allowance, in addition to fees, under the authority given by § 85, ch. 25, Gen. Stat., p. 273; the commissioners declined to make any allowance. The plaintiff then made out an account or claim against the county for extra services as Probate Judge, and presented to the board of commissioners for allowance. The board disallowed the account, and plaintiff appealed to the district court, as provided by § 30, ch. 25, p. 260. On motion of the county attorney the district court dismissed the appeal. The plaintiff brings the case here by petition in error, alleging that the district court erred in dismissing his appeal.

*D. Linton*, plaintiff, in his own behalf:

1. A petition in error lies for improperly dismissing an appeal: 10 Ohio St., 623.

Linton v. Com'rs of Linn Co.

2. The statute authorizing an appeal from the decision
of the commissioners provides that "Any person who
shall be aggrieved by *any decision* of the board of com-
missioners may appeal from the decision of such board
to the district court, and such appeal shall be entered,
tried, and determined the same as an appeal from jus-
tice's courts." The right of appeal could not be given
in broader language, or in terms more clearly expressed;
nor jurisdiction conferred in phrases better understood.

It was held in Ohio that a county recorder claiming to
be compensated for official services as the "*commissioners
deemed reasonable and just*," had the right to appeal from
their decision: 8 Ohio St., 354. In the case at bar the
Probate Judge was to have "*such other compensation as the
commissioners might determine.*" These cases do not differ
in principle. SWAN, J., says: "Whenever the board of
commissioners are authorized to allow or reject claims
against the county, the party aggrieved may appeal."
See also, 5 Ohio, 490.

It is the right *of appeal*, and to have that appeal *heard*,
that is contended for in this court. The right of recov-
ery on the claim against Linn county, is not involved
here. If the board of commissioners are invested with
"discretionary powers" which no other tribunal, on ap-
peal or otherwise, can control, that is good ground for
defeating the plaintiff's claim at the trial. But to deter-
mine the question of *discretion* here is not giving a con-
struction to the law regulating *appeals* at all; but simply
giving effect to another enactment of the legislature on
a different subject. Nor is there anything in this case
requiring our courts to disregard the plain import of the
language of our law.

*A. F. Ely*, county attorney of Linn county, for defendants in error :

1. The court below did not err in dismissing the plaintiff's appeal in this case. Section 85, p. 273, of the General Statutes, under which the plaintiff makes his claim, simply invests the county commissioners with a discretionary power to make allowances to probate judges. It is not mandatory. It imposes no obligation to make such allowance; nor does it create any contract between the probate judge and the county. The rules laid down in the case of *Commissioners of Geauga county v. Ranney et al.*, 13 Ohio St., p. 378, must apply to this case. The same principle is adopted in *Case v. Com'rs of Shawnee Co.*, 4 Kas., 511.

2. Section 4 of the fee bill, General Statutes, p. 477, provides how the probate judge shall be paid for his services, and he cannot look beyond the provisions of that section for his remuneration.

The opinion of the court was delivered by

BREWER, J.: The only question presented by the record is this : Will an appeal lie from the decision of a board of county commissioners, rejecting the application of the Probate Judge for an allowance in addition to the fees given by law ? The Probate Judge has certain fees, fixed by statute; § 4, ch. 39, Gen. Stat., p. 477; and further, § 85, ch. 25, Gen. Stat., p. 273, reads, "and he shall receive such fees as are by law allowed him, and shall receive such other compensation as may be allowed by the county commissioners, not to exceed five hundred dollars per annum."

This language gives to the county commissioners the

6

discretion to allow something out of the county treasury to the probate judge, in case his legal fees do not appear to them adequate compensation. . It is a *discretion* vested in them, and can be exercised by no other tribunal. An appeal, if allowed, would in effect take from this discretion, and vest it in others. Judge GHOLSON, in the case of *Com'rs of Geauga Co. v. Ranney, et al.*, 13 Ohio St., 392, used this language : "It cannot be properly claimed that from the exercise of a mere discretionary power, vested in the board of county commissioners, an appeal might be taken to the court of Common Pleas, under the general language of the law allowing and regulating such appeals." With that opinion we agree.

The order dismissing the appeal is affirmed.

All the Justices concurring.