## WILLIAM KENT v. THE BOARD OF COMMISSIONERS OF LABETTE COUNTY.

1. ROAD — *Opening on Section Line — No Appeal, When.* A petition was presented to the board of county commissioners requesting the opening of a section-line road pursuant to the provisions of chapter 181, Laws of 1872, and the board granted the petition and directed the township officers to cause the road to be opened. An owner of land over which the road was established, without asking for any damages, undertook to appeal from the decision of the board to the district court. *Held,* That no appeal would lie.

2. APPEAL — *Dismissal — Costs.* Where the district court dismisses such an appeal, the appellee is entitled to his costs, and the court has authority to enter a judgment therefor.

*Error from Labette District Court.*

THE opinion states the case. Judgment for the defendant *Board,* at the November term, 1887. The plaintiff *Kent* brings the case here.

*Case & Glasse,* for plaintiff in error.

*J. H. Morrison,* for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J.: The plaintiff in error asks a review of an order of the district court dismissing an appeal and adjudging costs against him. It appears that on October 12, 1886, a petition signed by thirty-eight persons was presented to the board of county commissioners of Labette county, asking that such section-line road, established under chapter 181 of the Laws of 1872, be opened. The application was granted, and the county clerk was instructed to give proper notice to the township trustee of the township, directing him to cause the road to be opened as requested in the petition. Within thirty days after this action was taken, William Kent, who claimed to be aggrieved thereby, executed an undertaking for appeal, and filed the same with the county clerk, and undertook to prosecute an appeal from the action of the board directing the

opening of the road.   The bond and transcript of the pro-
ceedings were transmitted to the clerk of the district court,
where the case was docketed and entitled as "William Kent,
plaintiff, v. The Board of Commissioners of Labette County,
defendant;" and the matter came on for hearing in that court
at the October term, 1887.   A jury was impaneled and sworn,
and the county board, being deemed to have the affirmative
of the issue, put a witness upon the stand, whose testimony
was offered; and thereupon the plaintiff Kent objected to the
introduction of any evidence, and pending that objection the
board of county commissioners moved to dismiss the appeal
for want of jurisdiction.   The latter motion was allowed, and
the costs were adjudged against the plaintiff; and these rulings
are assigned for error.

The action of the court must be sustained.   It is admitted
that Kent was the owner of land over a portion of which the
road was established, but he made no claim for damages before
the board of county commissioners.   If such a claim had been
presented and decided upon, an appeal would lie from the
award in favor of an aggrieved party. (Comp. Laws of 1885,
ch. 89, § 7.)   An appeal under the provision cited, however,
takes up simply the award of damages, and proceeds upon the
assumption that a highway has been legally established.
(*Comm'rs of Lyon Co. v. Kiser*, 26 Kas. 279; *Comm'rs of
Wabaunsee Co. v. Bisby*, 37 id. 252; *Briggs v. Comm'rs of
Labette Co.*, 39 id. 90.)   There is a general provision in the
act relating to counties and county officers, providing for an
appeal by any person aggrieved from any decision of the board
of commissioners to the district court, but this provision is
not without limitation. (Comp. Laws of 1885, ch. 25, § 30;
*Linton v. Comm'rs of Linn Co.*, 7 Kas. 79; *Fulkerson v. Comm'rs
of Harper Co.*, 31 id. 125.)   The limitations upon appeals
under this provision are discussed at considerable length in
the case last cited, and where it was held that many decisions
made by the board in the performance of its duties are not
appealable.   It was there said that—

"The district court is simply *a court*, and exercises only

judicial power; hence we would suppose that appeals from the board of county commissioners to the district court must be limited to such cases as require the exercise of purely judicial powers; and therefore that when the board of county commissioners exercises political power, or legislative power, or administrative power, or discretionary power, or purely ministerial power, no appeal will lie."

That was a case where an appeal was attempted to be taken from the decision of the board refusing to set off and organize a new township, which it is empowered to do by statute, and there was a petition requesting it to exercise that power, as there is in the present case. The reasoning in that case shows that the district court ruled correctly in dismissing the appeal in the present case. It cannot be seriously claimed that the action of the board in directing the township officers to open an established road was the exercise of a purely judicial power. What was there for the board to decide in the present case? The legislature had established the road by declaring the section line in question a public highway. The questions of utility, convenience and practicability had all been considered and decided by the legislature, as well as its location, and the limits of its extent and width. (Laws of 1872, ch. 181.) No claim of damages was made before the board, and hence no question of a judicial nature was before it for decision. In directing the township officers to open the road the board was simply executing the will and decision of the legislature already expressed, and, like many other orders and directions given in the exercise of its administrative and legislative powers conferred by the constitution which may directly or indirectly affect individuals, was not an exercise of judicial power, and hence no appeal will lie.

The land-owner is not without remedy, and cannot be deprived of the damages suffered by the establishment and opening of the road. The act declaring this section line to be a highway provides that the provisions relative to damages in the general road law shall apply to all cases where damages are claimed under the act; and therefore the board has ample au-

thority to allow damages either before or after the opening of the road.   If damages have been suffered by the land-owner, and no notice given to him of the proposed opening of the road, and no provisions made by which he can obtain compensation for the land, he may enjoin the township officers from carrying out the direction of the commissioners. (*Hughes v. Milligan,* ante, p. 396; same case, 22 Pac. Rep. 313.)

It is next contended by plaintiff in error that if the appeal was rightly dismissed the court erred in adjudging costs against him.   After sustaining the motion to dismiss the appeal the court ordered and adjudged "that said defendant have and recover of and from the said plaintiff its costs herein expended, taxed at $45, for which execution is awarded."   The authorities are divided upon the question of allowing costs where there is a want of jurisdiction.   The rule of the federal courts is that when a case is dismissed from the court in which it is instituted because the court is without jurisdiction, no judgment for costs can be awarded. (*Bradstreet Co. v. Higgins,* 114 U. S. 262, and cases cited.)   Some of the state courts have taken the same view. (*Barlow v. Burr,* 1 Vt. 488; *Hopkins v. Brown,* 5 R. I. 357; *Derton v. Boyd,* 21 Ark. 264; *Norton v. McLeary,* 8 Ohio St., 205; *Taul v. Collinsworth,* 2 Yerg. 579; *Bartels v. Hoey,* 3 Col. 279; *Mazange v. Slocum,* 23 Ala. 668.)   These cases proceed upon the theory that as the court is without power to adjudicate upon the merits, it possesses no jurisdiction or power to give costs to either party, and can only strike the case from its docket.   A contrary view has been taken by many able courts, and perhaps it may be said that the weight of authority is in favor of giving costs to the party who is successful in securing a dismissal of the case. (*Brown v. Allen,* 54 Me. 436; *Call v. Mitchell,* 39 id. 465; *Dixon v. Hill,* 8 Ind. 147; *Moran v. Masterson,* 11 B. Mon. 17; *Jordan v. Dennis,* 7 Metc. 591; *Hunt v. Hanover,* 8 id. 343; *Elder v. Dwight Mfg. Co.,* 4 Gray, 201; *The State v. Kinne,* 41 N. H. 238; *Balfour v. Mitchell,* 12 Smedes & M. 629; *Work v. Mallory,* 25 Miss. 172; *Coal & Iron Co. v. Hoffman,* 39 Barb. 16; *Paine v. Chase,* 14 Wis. 653; *Ens-*

*worth v. Curd*, 68 Mo. 282; *The State v. Thompson*, 81 id. 163; *Blair v. Cummings*, 39 Cal. 667; *Winchester v. Jackson*, 3 Cranch, 514; Freeman on Judgments, § 121.) Many of these decisions are placed to some extent upon statutes awarding costs to the successful party in the litigation, or as the court in its discretion may deem just. In *Dixon v. Hill*, supra, it was urged, as it is here, that the power of the court to render any judgment except upon the question of jurisdiction depends entirely on whether the court has jurisdiction, and if there was no jurisdiction there could be no judgment for costs. The supreme court of Indiana responded that—

"This reasoning, though ingenious, is not conclusive. The court had jurisdiction of the parties. The parties have the right to appear, the plaintiff to insist on his right to have the action maintained, the defendant to urge the motion to dismiss — and the court must adjudge the matter. Upon the result of such adjudication it seems to be reasonable and proper that the prevailing party recover a judgment for his costs."

In Missouri, where there is a provision allowing costs to the prevailing party, the court, in supporting a judgment for costs, where the action was dismissed for want of jurisdiction, said:

"Although the court is without jurisdiction to hear and determine the subject-matter of the action, yet the party by bringing his action improvidently calls his adversary into court. And to bring the jurisdictional question before the court, the adverse party must file his motion, or other appropriate plea raising the issue. The court must pass on this plea. It has jurisdiction to determine the issue thus raised, and must adjudicate in that particular. If the motion be sustained, the party prevails on that issue, and he is, under the section of the statute above quoted, entitled to judgment for his costs."

This view seems to be reasonable, and is conformable to our statute upon the subject of costs. It was obviously intended by the legislature that costs should be awarded in every case, as § 593*a* of the code provides that the clerks of the district court shall tax the costs in each case. Except where it is otherwise provided by statute, costs are allowed to the suc-

cessful party in a certain class of cases; and in the other cases costs are adjudged as the court in its discretion may think right and equitable. (Code, §§ 588–591.) Then, again, in providing for appeals to the district court the appellant is required to give a bond for the payment of costs, and he and his sureties are made liable for costs when the appeal is dismissed. (Comp. Laws of 1885, ch. 81, §§ 121, 124, 129.) Under a fair construction of these provisions it would seem the party who came into court and obtained a dismissal of the appeal because the court was without jurisdiction to try the appeal, would be entitled to his costs. Appeals do lie in many cases from the board of county commissioners to the district court. When an undertaking for an appeal was given, and a transcript of the proceedings before the board was filed in the district court, that court necessarily took jurisdiction of the cause so far as to hear and determine the question of the jurisdiction to try the appeal. The parties have a right to appear and submit this issue to the court; and when they come before the court, the appellant contending that the case is appealable and the appellee that the appeal should be dismissed for want of power to try the same, they are entitled to be heard and to have that question tried and adjudicated. In this way a real controversy is presented to the court by two adverse parties, and when the case is decided in favor of the appellee he is, under the statutes and authorities mentioned, entitled to recover his costs.

The order and judgment of the district court will be affirmed.

HORTON, C. J., concurring.

VALENTINE, J.: I concur in the decision of this case; but I wish to add that in my opinion, when a case is dismissed for want of jurisdiction, the judgment for the prevailing party should include only the costs made or caused by such prevailing party filing and prosecuting his motion to dismiss the case. The other party is liable for all the other costs to

the officers, etc., who performed the services for which such costs are given, without any judgment; and the prevailing party is not entitled to them, nor responsible for them.