## O. S. FORD v. LEVI GLADFELTER.

JUSTICE OF THE PEACE — *Change of Venue — Costs — Defective Record.* An action of replevin was brought before D., a justice of the peace, and on the application of the defendant a change of venue was granted, transferring the case to P., another justice of the peace, and P. dismissed the plaintiff's action at the plaintiff's costs, taxing some of the costs accruing in Justice D.'s court to the plaintiff. The plaintiff then took the case to the district court on petition in error, where the judgment of the justice of the peace was affirmed, and he then brought the case to the supreme court on petition in error; but the record brought to the supreme court does not contain, and apparently the transcript taken from the justice's court to the district court did not contain, copies of any of the papers in the case, and such record and transcript do not show what costs which accrued in Justice D.'s court were taxed to the plaintiff by Justice P. *Held,* That the supreme court cannot say that the district court erred in affirming the judgment of the justice of the peace.

*Error from Montgomery District Court.*

THE facts are substantially stated in the opinion. On December 29, 1888, judgment against plaintiff, *Ford,* who brings the case here.

*Clark & Clark,* for plaintiff in error.

*Jos. Chandler,* and *S. M. Porter,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: As near as we can ascertain from the record brought to this court, we think the facts of this case are

substantially as follows: The action was one of replevin, brought originally by O. S. Ford against Levi Gladfelter, before R. W. Dunlap, a justice of the peace of Montgomery county. Afterward, on motion of the defendant for a change of venue, the case was transferred to T. R. Pitman, a justice of the peace of the same township. Afterward, on motion of the defendant, Justice Pitman dismissed the plaintiff's action, and rendered a judgment for costs made before both justices in favor of the defendant and against the plaintiff. Afterward, the plaintiff took the case to the district court on petition in error, where the judgment of Justice Pitman was wholly affirmed. Afterward, the plaintiff brought the case to this court for review on petition in error.

The case is brought to this court by a case-made, and this case-made does not contain, and apparently the transcript of the proceedings taken from Justice Pitman's court to the district court did not contain, any copy of the plaintiff's bill of particulars, or his affidavit for replevin, or his replevin bond, or the summons or writ of replevin, or the application for a change of venue, or the order granting the change of venue, or anything showing that any of the costs accruing in Justice Dunlap's court had been paid, or that a judgment for the same had been confessed before the change of venue was granted, or anything showing whether the costs accruing in Justice Dunlap's court, and taxed to the plaintiff by Justice Pitman, were costs made by the plaintiff or made by the defendant, or by both, or whether they were for witnesses' fees, or for issuing or serving subpœnas, or were costs in transferring the case from Justice Dunlap to Justice Pitman, (Justices' Code, §§ 78, 79,) or were costs for something else, as for Justice Dunlap's other fees in issuing the summons and writ of replevin, making docket entries, filing papers, approving bonds, administering oaths, etc., and the constable's other fees in serving the summons and writ of replevin, keeping the property taken on the writ of replevin, and possibly many other things. The burden of showing all these things, both to the district court and to this court, devolved, and now de-

volves, upon the plaintiff, who was the plaintiff in error in the district court, and is the plaintiff in error in this court. How could the district court say, or how can this court say, that Justice Pitman erred in dismissing the plaintiff's action, and in taxing some of the costs against him, without any of these things being shown? It is not clearly shown why the justice of the peace dismissed the action, and rendered judgment for costs as he did, and we shall not speculate concerning his reasons; but, if the ruling of the justice was right, we could not reverse the same, even if we should think that he gave a wrong reason therefor. As to dismissing actions for want of jurisdiction, and taxing all the costs to the defeated party, see the case of *Kent v. Comm'rs of Labette Co.*, 42 Kas. 534. Taking the showing that was made by the plaintiff in error to the district court, we cannot say that that court erred in affirming the judgment of the justice of the peace, and therefore the judgment of the district court will be affirmed.

All the Justices concurring.