## AS TO ADDITIONAL ALLOWANCE FOR CLERK HIRE.

### Common Pleas Court of Henry County.

IN RE APPLICATION OF O. A. DIEMER FOR AN ADDITIONAL
ALLOWANCE FOR CLERK HIRE.

Decided, June 21, 1915.

*Compensation for Deputies, Clerks and Assistants in County Offices—
Authority of the County Commissioners with Reference Thereto—
What Would Justify an Additional Allowance by a Judge of the
Court of Common Pleas—Construction of the Salary Act.*

1. The salary act, providing compensation for county officials and
   their deputies, clerks and assistants, etc., confers upon the board
   of county commissioners of each county in the state of Ohio broad
   discretionary and administrative or governing duties and powers.
2. The duties and powers so conferred authorize and require such
   board of county commissioners acting under Sections 2980, 2980-1
   and 2981 of the General Code, to allow or disallow, regulate and
   limit the employment of deputies, clerks and assistants, etc., and
   the expenditure of the public funds therefor to the actual require
   ments of the public service.
3. The duties and powers so conferred upon the board of county com-
   missioners are not arbitrary, and they must be used by such board
   of county commissioners with legal and not arbitrary discretion.
4. The power conferred upon a judge of the court of common pleas to
   make additional allowances, etc., by Section 2980-1 of the salary act,
   is essentially judicial and must be exercised in a judicial capacity.
5. To justify the court or such judge in ordering an additional allow-
   ance under Section 2980-1, it should reasonably and clearly appear
   that a necessity for the good of the public service exists, and that
   the board of county commissioners are without authority to meet
   such exigency, or that such necessity exists and that the board of
   county commissioners have abused their authority in the premises.

*O. A. Diemer,* in propria persona.
*R. W. Cahill,* Prosecuting Attorney, contra.

PRENTISS, J.

This proceeding grows out of an application filed by the clerk
of this court asking for additional allowance for deputy hire
in his office for the month of July, 1915.

It appears from the application that the additional allowance asked is for the purpose of meeting a deficiency arising on account of the clerk having raised the salary of his deputy in excess of the sum allowed by the commissioners and in excess of a subsequent additional sum allowed by a former judge of this court.

The county commissioners were present at the hearing, and in open court disapproved the application, and denied the necessity for any additional allowance, and insisted that the allowances already made were amply sufficient and that no additional allowance was necessary for the good of the public service.

It appears from the evidence submitted, that the fees earned in the office of the clerk of this court, for the fiscal year ending in November, 1914, were $1,464.40; that the clerk prepared and filed with the county commissioners a detailed statement, as required by Section 2980 of the General Code, and that the county commissioners on the 25th of November, 1914, allowed the clerk of this court one deputy at a fixed salary of $36.61 per month, and allowed an aggregate sum of $439.32 therefor, designating the sum of $256.27 of the aggregate sum so fixed to be expended by the present incumbent, and the balance to be expended by his successor elect. The additional allowance by the judge of this court is ordered to be expended for January, February, March, April, May, June and July, 1915—the two allowances providing a salary of $50 per month.

It also appears that the fees earned by the clerk's office, during the present year to this date, amount to the sum of $1,266.50.

Under these circumstances, is this court authorized to make an additional allowance under the provisions of Section 2980-1 of the General Code?

It is insisted by the applicant that the question of additional allowance, under the provisions of Section 2980-1, is entirely discretionary with the judge of the court of common pleas to whom the application is made, and that such judge may make the allowance at his pleasure. On the other hand, the commissioners contend that they act in an administrative or governing capacity, and are clothed with discretionary powers in reference

to the employment of deputies for the various county offices, and in regulating the compensation therefor.

The question involved requires a consideration and construction of the salary act of this state, and especially of Sections 2980, 2980-1 and 2981.

In 1906 the Legislature enacted a complete law upon the subject of salary for county officials and their deputies, which is found in 98 Ohio Laws at page 89. This act with the subsequent amendments is now comprised in Sections 2977 to 3004, inclusive, of the General Code.

This enactment furnishes a new method of compensation for all county officers and their assistants.

The policy of collecting fees from those demanding service is now as it was before, but all such fees collected are required to be certified into the county treasury.

The principal purpose of the salary act is to divert the excess fees over and above a fair compensation to the county officials and their assistants, if any, for services rendered, from the officers to the general fund of the county for the public welfare.

Section 2980 of the General Code provides:

"On the twentieth of each November such officer shall prepare and file with the county commissioners a detailed statement of the probable amount necessary to be expended for deputies, assistants, book-keepers, clerks and other employees, except court constables, of their respective offices, showing in detail the requirements of their offices for the year beginning January 1st next thereafter with the sworn statement of the amount expended by them for such assistants for the preceding year. Not later than five days after the filing of such statement, the county commissioners shall fix an aggregate sum to be expended for such period for the compensation of such deputies, assistants, book-keepers, clerks or other employees of such officer, except court constables, which sum shall be reasonable and proper, and shall enter such finding upon their journal."

Section 2980-1 of the General Code provides:

"The aggregate sum so fixed by the county commissioners to be expended in any year for the compensation of such deputies, assistants, book-keepers, clerks or other employees, except court

constables, shall not exceed for any county auditor's office, county treasurer's office, probate judge's office, county recorder's office, sheriff's office, or office of the clerk of the courts, an aggregate amount to be ascertained by computing thirty per cent. on the first two thousand dollars or fractional part thereof, forty per cent. on the next eight thousand dollars or fractional part thereof, and eighty-five per cent. on all over ten thousand dollars, of the fees, costs, percentages, penalties, allowances and other perquisites collected for the use of the county in any such office for official services during the year ending September thirtieth next preceding the time of fixing such aggregate sum; provided, however, that if at any time any one of such officers require additional allowance in order to carry on the business of his office, said officer may make application to a judge of the court of common pleas, of the county wherein such officer was elected; and thereupon such judge shall hear said application and if, upon hearing the same said judge shall find that such necessity exists, he may allow such a sum of money as he deems necessary to pay the salary of such deputy, deputies, assistants, book-keepers, clerks or other employees as may be required, and thereupon the board of county commissioners shall transfer from the general county fund, to such officers' fee fund, such sums of money as may be necessary to pay said salary or salaries.

"Notice in writing of such application and the time fixed by such judge for the hearing thereof shall be served by the applicant, five days before said hearing upon the board of county commissioners of such county. And said board shall file in said proceeding their approval or disapproval of the allowance. asked for and shall have the right to appear at such hearing and be heard thereon; and evidence may be offered.

"When the term of an incumbent of any such office shall expire within the year for which such an aggregate sum is to be fixed, the county commissioners at the time of fixing the same, shall designate the amount of such aggregate sum which may be expended by the incumbent and the amount of such aggregate sum which may be expended by his successor for the fractional parts of such year."

Section 2981 of the General Code provides:

"Such officers may appoint and employ necessary deputies, assistants, clerks, book-keepers or other employees for their respective offices, fix their compensation and discharge them, and shall file with the county auditor certificates of such action.

Such compensation shall not exceed in the aggregate for each office the amount fixed by the commissioners for such office. When so fixed, the compensation of each duly appointed or employed deputy, assistant, book-keeper, clerk and other employee shall be paid monthly from the county treasury, upon the warrant of the county auditor.''

Salary statutes and laws for the compensation of public officials, and their deputies, or assistants, must be strictly construed against the claimant. *Richardson* v. *State*, 66 O. S., 108; *Clark* v. *Lucas Co. Com.*, 58 O. S., 107; *State ex rel* v. *Culbertson*, 6 N.P.(N.S.), 311; *In re County Commissioners*, 7 N.P.(N.S.), 8; *Debolt* v. *Cincinnati Tp.*, 7 O. S., 237.

But, in construing a statute, whether the strict or liberal rule is applied, the interpretation should be reasonable and consistent with the language used, and with the object in view to promote the purpose sought to be attained by the enactment.

It was said, in the case of *Theobald* v. *State*, 10 C.C.(N.S.), 175 (30 C. D., 418), which was an action involving the constitutionality of the salary law,        •

''that in contemplation of the act the fees no longer attach to the officer but to the office, and to the extent they are not needed to support the office, they are devoted to the general good. It can not be said that the officer is entitled to claim the fees as perquisites belonging to him by virtue of his office. The Legislature has always bestowed or denied them at pleasure.

''The law recognizes the necessity for an additional working force in some of the offices of the counties. The existence of the necessity, and its extent, are questions of fact, local in their character, and should therefore be referred to some local tribunal for determination.''

The Legislature in its discretion has conferred such authority upon the county commissioners, and clothed that body with a very broad discretionary and administrative or governing duty and power in connection therewith. *Trustee* v. *White et al*, 48 O. S., 577-580; *Linten* v. *Linn Co. Com.*, 7 Kan., 79-82; *Urbana Tp.* v. *Houston*, 1 C. D., 335 (2 N. P., 14); *Long* v. *Miami Co. Com.*, 75 O. S., 539-547; G. C. 2980, 2980-1, 2981, 2982, 2983, 2985, 2997, 3001, 3002.

The power so conferred upon the county commissioners by the act as a whole should be looked to in determining the meaning and intent of any particular section thereof.

What then is the intent, meaning and purpose of Sections 2980, 2980-1 and 2981, with respect to the duties, powers and responsibilities of the county commissioners? Are such commissioners permitted to make allowances as a matter of course, simply because some official desires or requests it, without regard to the needs of the public service and without regard to the requirement of the office needing an assistant? We think not.

We think these sections when construed in the light of the entire act, and the purpose and intendment thereof, enjoin upon the county commissoners grave duties, powers and responsibilities, which they must exercise with care and deliberation to the end that the public funds be not dissipated, or the public service injured by any act of commission or omission of duty on their part.

This construction is consistent with the intent and purposes of the salary act, and is necessary to give effect to the duty and power conferred upon the county commissioners to regulate and limit the expenditure of the public funds to the actual needs of the public service. It also harmonizes the duties and powers conferred by the enactment, and does no violence to the rights and privileges of the county officer prescribed by Section 2981, to appoint and employ deputies, etc., and to fix their compensation.

Such officer may appoint and employ deputies, etc., only when the county commissioners, or the court, in a proper case for such purpose, have made an allowance therefor. The provisions of this section, that such officer may fix the compensation of such deputies, etc., means that which has been ordered and prescribed by the county commissioners or the court.

If we are correct in our interpretations of these statutes, then it follows that there can be no deficiency in the fund provided for compensating the deputy of the applicant.

In any event, it is clear that there can be no. deficiency in the fund allowed by the county commissioners and the former

judge of this court for the month of July as claimed by the applicant, for the reason that the mandatory provisions of Section 2981 require that the compensation of deputies appointed or employed by a county officer can be paid to such deputy in equal monthly installments only upon the warrant of the county auditor.

The county auditor is not authorized to issue a warrant for such compensation to deputies and clerks, except in conformity to the allowance made by the county commissioners or the court, if any, under the provisions of Sections 2980, 2980-1 and 2981, and upon such deputy or clerk having first complied with the provisions of Section 2988.'

The provisions of Section 2981, that county officers may employ necessary deputies, etc., and fix their compensation, does not create a liability against the county if no allowance or compensation has been fixed by the county commissioners or the court under the provisions of the statutes. *Halpin* v. *Cincinnati*, 2 Gaz., 386; *Lease's Claim*, 4 C. C., 3; *Strawn* v. *Com.*, 47 O. S., 404-408; *Clark* v. *Com.*, 58 O. S., 107; *Butler Co.* v. *Welliver*, 12 C. C., 440; *Clark* v. *Lucas Co.*, 14 C. C., 349; *Tuall* v. *Lucas Co.*, 3 N. P., 112; *Reeves* v. *Griffin*, 29 B., 281.

The broad discretionary and administrative or governing power conferred upon the county commissioners by the salary enactment, as we have shown, is not an arbitrary one. The county commissioners must act in reference to it with legal and not arbitrary discretion in the bestowal or refusal of the public funds to the various county officers for clerk or deputy hire.

This brings us to a consideration of the provisions of Section 2980-1, which provides:

"That if at any time any one of such officers require additional allowance in order to carry on the business of his office, said officer may make application to a judge of the court of common pleas, of the county wherein such officer was elected; and thereupon such judge shall hear said application and if, upon hearing the same said judge shall find that such necessity exists, he may allow such a sum of money as he deems necessary to pay the salary of such deputy, deputies, assistants, book-keepers, clerks or other employees as may be required, and thereupon the board

of county commissioners shall transfer from the general county fund to such officer's fee fund, such sum of money as may be necessary to pay said salary or salaries.

"Notice in writing of such application and the time fixed by such judge for the hearing thereof shall be served by the applicant, five days before said hearing upon the board of county commissioners of such county. And said board shall file in said proceeding their approval or disapproval of the allowance asked for and shall have the right to appear at such hearing and be heard thereon; and evidence may be offered."

As stated heretofore, the contention of the applicant in this proceeding is that this provision clothes the judge with ministerial and discretionary duties only, and in consequence such judge may allow or not allow the sum asked in this instance at his pleasure.

With such conclusion this court is unable to agree. Without extending this opinion with a review and citation of the numerous authorities upon this point, it is sufficient to say that, in the opinion of this court, the duties enjoined by this statute upon the court or judge are not ministerial in any sense, but that such statute confers a clear and unequivocal judicial power which must be exercised in a judicial capacity. This being true, it follows that the facts of each case must warrant an allowance, or none can be ordered.

What facts or circumstances then should be shown to justify the court or judge in making an additional allowance under this section of the act in question?

We have already pointed out the intent and purpose of this enactment, as well as the rule of construction to be applied in construing the same, and we think that a proper interpretation of this provision constrains us to hold, and we do hold, that an additional allowance under it should be ordered only when a necessity for the good of the public service is reasonably and clearly shown to exist and the county commissioners are without authority to meet the exigency; and in such cases as it is so shown that a necessity for the good of the public service exists and that the county commissioners have acted unreasonably

and abused the power conferred upon them in the premises. Neither of these contingencies is shown to exist in the proceeding at bar. It follows that the application must be denied.