## BRADSTREET COMPANY *v.* HIGGINS.

IN ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE WESTERN DISTRICT OF MISSOURI.

Argued March 2, 1885.—Decided April 13, 1885.

A defendant in error, on whose motion a writ of error is dismissed for want of jurisdiction, may recover costs in this court which are incident to his motion to dismiss.

This case having been dismissed for want of jurisdiction, the defendant in error made the following application to the court.

"The plaintiff in error failing to print the record, the requisite amount was advanced by the defendant in error, with the understanding that in case of his success this would be refunded.

"The Clerk now informs the defendant in error, that the amount advanced by him cannot be taxed in his favor, nor any of his other costs in this court, because the cause was dismissed for want of jurisdiction. As the taxation of costs in such cases is a matter of daily occurrence, and frequently of much importance, we take this occasion of bringing the subject to the attention of the court. . . .

"We ask that the Clerk may be directed to tax the costs of printing the record and for supervising the same, against the plaintiff in error—the Bradstreet Co."

*Mr. W. Hallett Phillips* for the motion, submitted on his brief.

*Mr. H. Wise Garnett* opposing.

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

This writ of error was dismissed at a former day in this term, on motion of the defendant in error, for want of jurisdiction, because the value of the matter in dispute did not exceed $5,000. 112 U. S. 227. In order to present his motion to dismiss, it became necessary for the defendant in error to cause the record to be printed, and to do that he was compelled to pay the cost of printing and the fee of the clerk for supervising. The judgment, as entered on the motion to dismiss, made no order as to costs, and the defendant in error now moves that the cost of printing and the clerk's fee for supervising be taxed against the plaintiff in error.

It has been often decided that if a suit is dismissed for want of jurisdiction in this court no judgment for the costs of the suit can be given. *Inglee* v. *Coolidge*, 2 Wheat. 363; *McIver* v. *Wattles*, 9 Wheat. 650; *Strader* v. *Graham*, 18 How. 602; *Hornthall* v. *Collector*, 9 Wall. 560. A different rule prevails

when there has been a reversal here because the Circuit Court did not have jurisdiction, as this court has authority to correct the error of the Circuit Court in taking jurisdiction. *Turner* v. *Enrille*, 4 Dall. 7; *Winchester* v. *Jackson*, 3 Cranch, 514; *Montalet* v. *Murray*, 4 Cranch, 46; *Mansfield & Lake Michigan Railway Co* v. *Swan*, 111 U. S. 379, 387.

Here, however, the question is not as to the right of the defendant in error to recover his costs in the suit, but only such as are incident to his motion to dismiss. It has been decided that the writ of error was wrongfully sued out by the plaintiff in error. To get rid of the writ and the supersedeas which had been obtained thereunder, the defendant in error was compelled to come to this court and move to dismiss. That motion we had jurisdiction to hear and decide. The right to decide implies the right to adjudge as to all costs which are incident to the motion.

Under Rule 10, § 2, of this court, it was the duty of the plaintiff in error to cause the record to be printed, and to pay all the costs and fees incident thereto in time for use when required in the progress of the cause. If it failed in this the defendant in error might pay the costs and fees and thus secure the printing. Under § 7, in case of reversal, affirmance, or dismissal with costs, the amount of the cost of printing the record and the clerk's fee are to be taxed to the party against whom the costs are given.

In this case the plaintiff in error neglected to have the record printed by the time it was wanted by the defendant in error on his motion to dismiss. Under these circumstances we do not doubt our authority to adjudge the costs incident to the printing against the plaintiff in error as part of the costs of the motion to dismiss. It is accordingly

> *Ordered that the judgment heretofore entered be amended so as to charge the plaintiff in error with all the costs of the motion to dismiss, which shall include the cost of printing the record and the clerk's fee for supervising.*