EDMUND F. SMITH *vs.* FRANK E. PIKE.

Berkshire. September 12, 1893. — October 21, 1893.

Present: FIELD, C. J., ALLEN, HOLMES, & KNOWLTON, JJ.

*Costs — Discontinuance of Action before Entry — Notice of such Discontinuance.*

The defendant in an action, who appears by attorney according to the summons therein although not subject to the jurisdiction of the court to which the writ is returnable, is entitled, under Pub. Sts. c. 155, § 23, to his costs, if the plaintiff discontinues the action before entry; and it is immaterial that the plaintiff gave notice, whether seasonable or not, to the defendant that the writ would not be entered.

PETITION, under Pub. Sts. c. 155, § 23, for costs. The case was submitted to the Superior Court, and, after judgment for

the petitioner, to this court, on appeal, upon agreed facts, in substance as follows.

On December 8, 1891, the respondent sued out a writ in common form, in an action of tort, from the District Court of Northern Berkshire against the petitioner, by the name of Edward F. Smith, who was a resident of Buckland in the county of Franklin, Buckland not being within the jurisdiction of said court. The writ was made returnable to said court in North Adams, in the county of Berkshire, on December 22, 1891. The petitioner, by his attorney, appeared at said court pursuant to the summons duly served at Buckland upon him, and filed in said court on that day a complaint for his costs, the writ not being entered, and said court refused to allow the costs, and the petitioner appealed to the Superior Court.

The writ was served at Buckland by one Swan, a deputy sheriff of Franklin County, and the petitioner's real estate was attached on December 9, and the writ with the doings of the officer thereon was duly returned to the respondent or his attorney prior to the return day.

On or about December 19, the respondent's attorney sent to Swan a notice to the petitioner, to the effect that the suit of *Pike* v. *Smith,* " now pending in the Northern Berkshire District Court, the writ of which was made returnable on Tuesday, Dec. 22d, 1891, will not be entered in court, and is hereby withdrawn, and the attachment of your property made by virtue of said writ is hereby dissolved."

The notice was first communicated to the petitioner on the afternoon of December 21, 1891, by Swan delivering the same to him, and the fact of such service was not communicated to his attorney until after December 22, 1891.

*M. E. Couch & C. T. Phelps,* for the respondent.

*S. T. Field,* for the petitioner.

FIELD, C. J. The Pub. Sts. c. 155, § 23, provide as follows : " If the plaintiff fails to enter and prosecute his action, or if, upon a trial, he does not maintain the same, the defendant shall recover judgment for his costs, to be taxed by the trial justice." See Pub. Sts. c. 154, § 12. If the petitioner, being the defendant in the suit of *Pike* v. *Smith,* was not subject to the jurisdiction of the District Court of Northern Berkshire in that suit, he yet

could have appeared and submitted himself to that jurisdiction, or if he did not submit himself to the jurisdiction and if the suit had been entered, he could have appeared specially and had the action dismissed on motion, and then would have been entitled to his costs. If the plaintiff had discontinued the action after entry, the defendant would have been entitled to costs. We think that this is true if the plaintiff discontinues the action before entry. The defendant had been summoned to appear, and we think he should have the right to protect himself by having the proper entry made in the court to which the process is returnable. It is not clear in the case at bar whether the petitioner received notice that the writ would not be entered in season to so inform his attorney before the attorney appeared in court according to the summons, but this is not material. The statute has made no provision for giving such a notice, and we are of opinion that the giving of it cannot deprive the defendant in the suit of his right to costs under the statute.

*Judgment for petitioner affirmed.*