GEORGE L. HUTCHINS *vs.* GEORGE NICKERSON, JR., & others, trustees.

Suffolk. March 15, 1912. — May 24, 1912.

Present: RUGG, C. J., BRALEY, SHELDON, & DECOURCY, JJ.

*Equity Pleading and Practice,* Appeal, Bill. *Equity Jurisdiction,* Creditor's bill to reach and apply property fraudulently conveyed. *Res Judicata. Trustee Process.*

In a suit in equity against several defendants under R. L. c. 159, § 3, cl. 8, to reach and apply in payment of a judgment debt due to the plaintiff from the principal defendant property conveyed by him to and for the benefit of the other defendants fraudulently and with an intent on the part of all of the defendants to defeat, delay or defraud the creditors of the principal defendant, the bill was taken *pro confesso* as to the principal defendant, but no final decree was made as to him. All of the other defendants demurred, their demurrers were sustained, and final decrees were entered dismissing the bill as to them. The plaintiff appealed. No party objected to this court treating the case as properly before them, and it was *held,* that under the exceptional circumstances it would be so treated.

In a bill in equity against several defendants under R. L. c. 159, § 3, cl. 8, to reach and apply, in payment of a judgment debt owed to the plaintiff by the principal defendant, an interest of the principal defendant under a will, trustees under which were among the defendants, it was averred in substance that the principal defendant had owned an interest worth $75,000 under the will in question; that the defendants other than the trustees conspired to sell that interest for their own benefit for much less than its value; that in pursuance of such conspiracy they procured a loan of $15,000 to be given to the principal defendant and two others of them from one of them for which the principal defendant gave a note for $20,000 secured by an assignment of the interest under the will; that then, by false representations that such note was due and that its holder might foreclose on his security, the principal defendant was induced to give to another of the defendants an option of purchase of the interest under the will for $45,000 and that a conveyance for $55,000 finally was made to still another of the defendants, $20,000 of that sum being used to pay the note already held by one of the defendants, and other sums being paid to the defendants other than the principal defendant either without consideration or largely in excess of any just claim, the principal defendant receiving only $4,000. Pending the transactions the principal defendant was persuaded by certain of the defendants to secrete himself from his creditors in a house where one of the defendants lived. The bill contained allegations of intent to defeat, delay or defraud the creditors of the principal defendant and of guilty knowledge and participation on the part of all the defendants except the trustees. The defendants demurred. *Held,* that the demurrers should be overruled because the bill stated a case for relief under R. L. c. 159, § 3, cl. 8.

A bill in equity against several defendants under R. L. c. 159, § 3, cl. 8, to reach and apply in payment of a judgment debt due to the plaintiff from the principal defendant property conveyed by him to and for the benefit of the other defendants fraudulently and with an intent through a conspiracy on the part of all of the defendants to defeat, delay and defraud the creditors of the principal defendant, does not become multifarious merely because it follows all the ramifications of the conspiracy and thereby includes persons of varying degrees of culpability against whom the issues are not identical and against whom different kinds of relief may be necessary.

In an action of contract upon a promissory note trustees under a will under whose provisions the defendant was a beneficiary were summoned by trustee process and made answer that the defendant had assigned his interest, and the assignee thereupon was made a party to the action under R. L. c. 189, § 32, as a claimant. Issues were framed for a trial by jury, some of which involved an inquiry, whether the assignment had been procured by fraud, misrepresentation or collusion between the defendant and the claimant. An entry then was made by agreement, "Trustees discharged upon their answer." The plaintiff thereafter procured a judgment against the defendant and brought a suit in equity under R. L. c. 159, § 3, cl. 8, against him and others, including the claimant, to reach and apply in payment of the judgment debt the interest conveyed to the claimant, alleging that the conveyance was made by means of a conspiracy by all the defendants with intent to defeat, delay or defraud the judgment creditors. The claimant filed a plea setting up the judgment discharging the trustee in the action at law. *Held,* that the judgment in the action at law was not upon the merits and did not involve the same issues that were involved in the suit in equity, and therefore that it could not be relied on to sustain a plea of *res judicata* in that suit.

BILL IN EQUITY filed in the Superior Court on June 27, 1911, under R. L. c. 159, § 3, cl. 8, as stated in the opinion.

A plea of the defendant Glines and demurrers of the other defendants, described in the opinion, were sustained by *Hardy*, J., and decrees were entered dismissing the bill as to all the defendants except Nickerson, as to whom an interlocutory decree was entered that the bill be taken *pro confesso.* The plaintiff appealed from the decrees dismissing the bill as to the defendants other than Nickerson.

*S. Bates*, for the plaintiff.

*E. A. Whitman*, (*J. T. Pugh* with him,) for the defendant Glines.

*J. F. Bassity, pro se*, and for the defendant Fotch.

*L. G. Blair, pro se*, and for the defendants Hayes and Gale.

RUGG, C. J.  1.  This is a suit in equity.  In the Superior Court the only decree entered against Nickerson, the principal defendant, was that the bill be taken for confessed.  This was not a final decree.  *Russell* v. *Lathrop*, 122 Mass. 300.  *Blanchard* v. *Cooke*,

144 Mass. 207, 219. *White* v. *White,* 169 Mass. 52. *Goff* v. *Hathaway,* 180 Mass. 497. *Frow* v. *De la Vega,* 15 Wall. 552. *Thomson* v. *Wooster,* 114 U. S. 104. Suits in equity are not properly before this court as of right upon any appeal except from a final decree. R. L. c. 159, § 19, as amended by St. 1911, c. 284, § 1. *Fuller* v. *Chapin,* 165 Mass. 1. *Fitzgerald* v. *Fitzgerald,* 165 Mass. 471. Interlocutory matters cannot be brought here except upon report. R. L. c. 159, § 27. In the Superior Court decrees were entered dismissing the bill as to each of the other defendants. These were final decrees as to those parties, and from these decrees the plaintiff appealed. The gist of this suit is against these defendants. It is not certain that a court of equity would retain a bill like the present against the principal defendant, where the plaintiff is suing on a judgment, after it has been dismissed as to all the other parties against whom alone equitable remedies are invoked. At all events, it would not be obliged to do so when the only relief which can be afforded is strictly legal and not equitable in nature. *Newburyport Institution for Savings* v. *Puffer,* 201 Mass. 41, 47. We are inclined to think that the decrees appealed from are final in the sense that the real merits of the case are determined by them, and nothing of substance is left open in equity. Under these exceptional circumstances, when no party has raised the point and the issues have been argued fully, we treat the case as properly before the court. See *Forbes* v. *Tuckerman,* 115 Mass. 115; *Cheney* v. *Gleason,* 125 Mass. 166, 180; *Lowd* v. *Brigham,* 154 Mass. 107; *Winthrop Iron Co.* v. *Meeker,* 109 U. S. 180; *Lewisburg Bank* v. *Sheffey,* 140 U. S. 445; *First National Bank* v. *Shedd,* 121 U. S. 74, 87; *Winters* v. *United States,* 207 U. S. 564, 575.

2. The bill is to reach and apply in payment of a debt due the plaintiff certain property conveyed by the defendant Nickerson, fraudulently and with intent to defeat, delay or defraud his creditors. R. L. c. 159, § 3, cl. 8. The substantial allegations are that Nickerson was a residuary legatee under the will of Caleb Chase, of which the defendants, Sias, Palmer and Rich, are trustees, and that the value of his interest was upwards of $75,000. No further allegations are made against the trustees. But it is averred that the other defendants with Nickerson conspired together to sell the latter's residuary interest for less than its real value for their own benefit and with intent to defraud, hinder or delay the cred-

itors of Nickerson, in pursuance whereof, first, a loan of $15,000 was procured of Fotch and received by Nickerson, Bassity and Hayes, for which Nickerson's note for $20,000 due in April, 1910, with interest at one and one half per cent per month was given, secured by an assignment of his interest under the Chase will; next by reason of false representations that the Fotch note was due and that he would take over the interest under the Chase will, Nickerson was induced in October, 1909, to give to Gale an exclusive option on the residuary interest for $55,000, which subsequently changed to $45,000, and that through the efforts of others of the defendants Glines was induced to take an assignment of the Nickerson interest, paying therefor $55,000. Out of this sum $20,000 was paid in settlement of the Fotch note, several months before its maturity. Two thousand dollars was repaid to Glines, and other sums paid to others of the defendants either without consideration or largely in excess of any just claim, and that $4,000 only was paid to Nickerson. Pending these transactions, most of which occurred in November and December, 1909, Nickerson was persuaded by certain of the defendants to secrete himself in the house where one of the defendants lived, so that none of his creditors might prevent the sale. The defendants knew that the sale was fraudulent and unconscionable. For the purposes of this opinion the allegations of fact in the bill must be taken as true as all the defendants except Nickerson have demurred, and the bill has been taken *pro confesso* against him.

The bill sufficiently avers large overdue indebtedness by Nickerson and a conveyance by him of his property upon an inadequate consideration and the distribution of large sums of money out of this inadequate sale among some of the defendants without account to Nickerson and either without any indebtedness or an indebtedness grossly insufficient to justify the payments. A specific intent to defraud, hinder and delay the creditors of Nickerson and knowledge of the damaging facts on the part of those against whom relief is sought are averred as tainting every part of all the transactions. Most if not all of the defendants are alleged to have benefited pecuniarily by a voluntary transfer of property of Nickerson, conveyed so as to put it out of reach of his creditors. These results ensued from the execution of a design in which all participated with the purpose of profiting out of property which

ought in good conscience to have gone to the payment of the debts of Nickerson, who during the execution of the plan was secreted from his creditors. This scheme stretches beyond the preference of one creditor to another, permitted at common law, and reaches to the kind of wrong for which the statute furnishes a remedy.

3. The bill is not multifarious. The scope of a bill to set aside a fraudulent conveyance does not become multifarious merely because it follows all the ramifications of the vicious project, and thereby includes divers persons of varying degrees of culpability against whom the issues may not be identical, and towards whom different kinds or degrees of relief may be necessary. If the scheme is comprehensive, the pleadings must be likewise extensive. "The unity of the plan embraces all the parts." *Swift & Co.* v. *United States*, 196 U. S. 375, 396.

4. It is strongly argued in behalf of the defendant Glines that there is not enough set out in the bill to found a prayer for relief in chancery against him, and that the sum of all the charges against him amounts to nothing more than that he paid $55,000 for a valid assignment of Nickerson's interest, and that if he made $2,000 as profit that is something which he was entitled to keep. The allegations of fraudulent intent, guilty knowledge and participation with the others, although not repeated as to each step in the execution of the conspiracy, pervade and dominate the entire bill and attach to the conduct of Glines as much as to that of the others. Although the amount alleged to have been received by him is not so great as by some of the others, that is not significant. It is participation in the illegal plot, and not in its proceeds, which is the essential feature. Moreover, it is alleged that he holds the assignment of an interest in property worth $75,000, for which he paid only $55,000. These facts when joined with the fraudulent purpose and guilty knowledge are enough as matter of pleading. It does not destroy the liability of Glines that facts are alleged tending to show that Nickerson was defrauded by some of the other defendants. It is not infrequently an incident of a scheme to defraud, hinder or delay the creditors of a debtor in which he joins with others, that he may be both an actor in the wrong and a victim of it. There is nothing in *Lewis* v. *Bannister*, 16 Gray, 500, especially relied upon by the defendants, contrary to this view.

5. The prayer for an accounting * between several of the defendants is not made the ground for jurisdiction in chancery. Hence *Badger* v. *McNamara,* 123 Mass. 117, is not controlling. The account is asked for as an incident to the main relief sought, and is properly made a part of the bill.

6. The defendant Glines filed a plea in bar, the substance of which was that the plaintiff brought an action at law against the defendant Nickerson, in which the trustees under the Chase will were summoned as trustees, and in which Glines appeared as claimant. The trustees filed an answer in which they set up the assignment from Nickerson to Glines. Issues were framed for a trial by jury, some of which related to the point whether the assignment was procured through the fraud, misrepresentation or collusion of the claimant. Thereafter the entry was made by agreement, "Trustees discharged upon their answer." The plea in substance is *res judicata.* The defense of *res judicata* is available when a judgment on the merits has been entered in an earlier action involving the same issues between the same parties. *Newburyport Institution for Savings* v. *Puffer,* 201 Mass. 41, 46. It does not appear that the judgment in the case at bar was on the merits. It may have been entered on other grounds than the soundness of the claimant's assignment. It does not purport to establish its validity. *Peck Bros. & Co.* v. *Stratton,* 118 Mass. 406. Moreover, the issues presented by the present suit are different and broader in their nature than those in the trustee action. This is not a bill in the nature of an equitable trustee process to reach and apply the property of the defendant Nickerson which cannot be attached or taken on execution under cl. 7 of R. L. c. 159, § 3. But, as has been pointed out, it is a bill to set aside a conveyance made in fraud of creditors under cl. 8 of the same section. The plea of Glines ought not to have been sustained.

*Decrees dismissing the bill reversed.*

---

* This prayer was as follows: "Third. That the court appoint a receiver to collect and receive such amounts as this honorable court may find to be due from the several defendants by reason of money had and received by them on account of the sale heretofore mentioned, and such moneys as may be found to be due from the defendant trustees and that the defendants further be compelled to account for all moneys received by them as stated in paragraph five of the plaintiff's bill."