THOMAS M. REYNOLDS *vs.* MISSOURI, KANSAS AND TEXAS RAIL-
WAY COMPANY & others.

Suffolk.   March 22, 1916. — May 19, 1916.

Present: RUGG, C. J., LORING, BRALEY, DE COURCY, & PIERCE, JJ.

*Trustee Process.   Practice, Civil,* Appeal, Costs.

It here was not disputed that an attempted service by trustee process upon an alleged trustee merely by serving the writ upon another as his agent is insufficient.

One who is summoned as trustee by trustee process is a party to the action, and an order discharging him is a final judgment so far as he is concerned, he having no interest in the principal controversy.   Therefore an appeal from such an order may be entered in this court without waiting until the action is disposed of on its merits and is ready for judgment.

In deciding the point stated above it was *said* that the decision was confined strictly to the facts of the case and does not narrow the general rule as to appeals from interlocutory orders illustrated in *Weil* v. *Boston Elevated Railway,* 216 Mass. 545.

Under R. L. c. 189, § 69, if a person attempted to be summoned by trustee process as trustee is discharged by an order of the court because the service upon him was insufficient, he may be awarded costs and counsel fees by the order of discharge.

RUGG, C. J.   This case has been reported by a judge of the Superior Court * for determination as to the correctness of his rulings made subsequent to discharging ten corporations named in the writ as trustees of the principal debtor.

1. No contention is made that the trustees were not discharged rightly. Return of service upon a person simply "as agent" of a party is insufficient. *Kimball* v. *Sweet,* 168 Mass. 105. *Lowrie* v. *Castle,* 198 Mass. 82, 87.

2. The plaintiff appealed from the decree discharging the trustees and awarding costs and attorneys' fees in their favor against the plaintiff. One question is, whether these appeals may be entered in this court forthwith, *Griffin* v. *Griffin,* 222 Mass. 218, or whether they should wait until the main case is disposed of on its merits. It is settled that ordinarily no case can be entered in this court until it is ready for final disposition, and that interlocutory matters will not be heard until the case is ready for judgment, *Weil* v. *Boston Elevated Railway,* 216 Mass. 545, where the reasons are stated and the authorities reviewed. In a certain sense orders in reference to a person summoned as trustee may be termed interlocutory. They are so when he is charged, for then they depend on the final judgment which may be entered. But a trustee is a party. When he is discharged, that is a final judgment so far as he is concerned. His relations to the main matter are such that, if he is entitled to a discharge, he cannot be affected by any decision as to the merits between the plaintiff and the defendant. Having no interest in the principal controversy, he stands in a peculiar relation to the cause and is entitled to the protection of the court so far as is reasonably practicable. The order for the discharge of a trustee being final in its nature and not susceptible of modification by other proceedings in the case, that order is ripe for consideration in the ordinary case even though the chief controversy has not terminated. *Sprague* v. *Auffmordt,* 183 Mass. 7. *Hutchins* v. *Nickerson,* 212 Mass.

---

* *Wait,* J.

118. The case of *Brennan* v. *McInnis*, 172 Mass. 247, plainly is distinguishable. But the present decision is confined strictly to these facts and does not narrow the general rule illustrated in *Weil* v. *Boston Elevated Railway, ubi supra.*

3. The plaintiff has presented an elaborate argument based upon the history of R. L. c. 189, §§ 67, 68, 69, to the effect that a trustee should not be awarded costs unless he appears and answers and even though his preliminary plea to the jurisdiction is sustained. It is not necessary to review the statutes or to enter into a full discussion of the subject.

The plain words of § 69 are that any one summoned as trustee, who is discharged, shall have judgment for costs and charges. This seems to be the import of earlier statutes, at least as far back as Rev. Sts. c. 109, §§ 49, 50, 51. The practice has been established contrary to the plaintiff's contention. It was stated by Chief Justice Parsons in *Wilcox* v. *Mills*, 4 Mass. 218, at page 220, by way of illustration, that one summoned as trustee to a court without jurisdiction over him and therefore discharged would be "entitled to his legal costs, and perhaps to such further costs as would compensate him for his time and expenses." These words hardly could have been used unless the practice were then perfectly well recognized. Whatever doubt may have existed under earlier statutes or decisions, *Osgood* v. *Thurston*, 23 Pick. 110, 111, *Williams* v. *Blunt*, 2 Mass. 207, 217, *Clark* v. *Rockwell*, 15 Mass. 221, it has been settled in this Commonwealth now for a long time that a court without jurisdiction over a party defendant still may award costs in his favor even though the defect may appear on the face of the papers. *Hunt* v. *Hanover*, 8 Met. 343. *Elder* v. *Dwight Manuf. Co.* 4 Gray, 201. *Smith* v. *Pike*, 160 Mass. 24. In the light of these decisions, it is not necessary to consider the differences between them and *M'Iver* v. *Wattles*, 9 Wheat. 650, and *Bradstreet Co.* v. *Higgins*, 114 U. S. 262, and the reasons therefor. This rule should apply to trustees as well as to ordinary defendants. The general principle is that one summoned as trustee should be in no worse posture than if left to settle his indebtedness with his principal creditor. *Cavanaugh* v. *Merrimac Hat Co.* 213 Mass. 384.

The entry may be, that the decree in favor of the several trus-

tees, for costs and counsel fees, is affirmed, together with costs and a counsel fee to each trustee in this court.

*So ordered.*

*J. L. Thorndike,* (*F. V. Barstow* with him,) for the defendants.
*B. Corneau,* (*W. C. Rice* with him,) for the plaintiff.