### Edwin C. Barringer *vs.* George A. Northridge.

Worcester.    September 29, 1926. — January 4, 1927.

Present: Rugg, C.J., Braley, Crosby, Carroll, & Wait, JJ.

*Equity Jurisdiction,* Accounting.

In a suit in equity for an accounting under an agreement in writing between the plaintiff and the defendant relating, among other things, to the disposition of the proceeds of the sale of lots of land subject to the terms of the agreement, it appeared that the title to the lots had been

in the defendant and afterwards was placed in the plaintiff; that previous to the title being placed in the plaintiff and the making of the agreement in writing, the defendant had made agreements with various persons for the sale of one hundred seventy-seven of the lots; that in the contract with the plaintiff the defendant agreed to continue his best efforts to sell the remaining four hundred sixty-eight lots until all were sold, and the plaintiff agreed to "convey to all purchasers of any of said lots good and sufficient deeds so long as" monthly payments were made to him according to the agreement. The plaintiff was to receive, among other sums, one half of the amounts received by the defendant in payment for the four hundred sixty-eight lots. The agreement did not specifically describe the one hundred seventy-seven lots which the defendant had sold before the date of the agreement nor did the defendant, when he asked and obtained deeds from the plaintiff to purchasers, indicate which, if any, related to these one hundred seventy-seven lots. *Held,* that the plaintiff was not entitled to one half of the sum received from the sale of the one hundred seventy-seven lots.

BILL IN EQUITY, commenced by a common law writ in trustee process dated May 4, 1925, for an accounting under an agreement in writing described in the opinion.

In the Superior Court, the suit was referred to a master, whose findings are described in the opinion. The case was heard upon the master's report by *Cox*, J., by whose order there was entered a final decree directing the defendant to pay to the plaintiff $2,121.77 and costs. The plaintiff appealed.

*E. C. Barringer, pro se,* submitted a brief.

No argument nor brief for the defendant.

WAIT, J. This is a bill in equity for an accounting. It is before us upon an appeal by the plaintiff from a decree of the Superior Court which awarded him a sum smaller than, as he contends, is justly due.

The master's report shows the following facts: The defendant, in 1920, purchased a tract of about sixty-eight acres of land in Avon and Stoughton, which he laid out with streets and cut into six hundred and forty-five house lots which he proceeded to sell upon contracts which required that he should convey a clear title to the purchasers of the lots when payments under the contract reached a certain sum. He gave a purchase money mortgage to his vendor,

and, later, made an absolute conveyance of the equity in the whole tract to a Mrs. Pierce who stood ready to reconvey on receiving payment of $500. In February of 1922, he had sold one hundred seventy-seven of the lots, and was bound to make conveyances, but was unable to give a clear title because the first mortgagee would not make partial releases, and because he had parted with the record title. To meet his difficulties he arranged with the plaintiff, an attorney at law who had been his counsel, for a loan of $1,050, and entered into a written contract which bears date February 1, 1922. He used $1,000 in clearing off the encumbrances and procured a warranty deed of the tract from Mrs. Pierce to the plaintiff and a discharge of the first mortgage. Thereafter the plaintiff held title to the tract free of mortgage encumbrances and absolute upon the records. By the written agreement, the defendant bound himself to repay the $1,050, with interest, in monthly payments of $100, which were to begin on April 1, 1922, and to continue until the payments equalled $1,050; to continue his best efforts to sell the remaining four hundred sixty-eight lots until all were sold at a price not less than $29.50 per lot; and to divide equally with the plaintiff the amounts received less an agreed commission if agents to sell were employed necessarily. The plaintiff agreed to "convey to all purchasers of any of said lots good and sufficient deeds so long as" monthly payments on the loan were made and the defendant did not become in arrears for more than two months, and until only thirty-four lots remained to be sold or a number which in price equalled the amount of the $1,050 remaining to be paid.

If the transaction had been carried out as the agreement contemplated, when all the lots were sold the plaintiff would have parted with all his title, and he would have received payment of his loan with interest and one half of the amount received by the defendant from sales of the lots less any necessary commissions at the agreed rate; while the defendant would have paid all expenses of sale and development (except the commission referred to), would have repaid his

debt, and would have retained the agreed one half received from the sale of the four hundred sixty-eight lots together with the whole amount received from the sale of the one hundred seventy-seven lots and of any other interest in the land.

The defendant, however, did not carry out his part of the agreement. He made only one payment of $100 on the loan. He sold and made contracts of sale of lots, but he did not account, as he had agreed, for the amounts received from purchasers, and in June, 1923, he left the State. The plaintiff, in the meantime, made conveyances of lots as requested by the defendant, but did not receive the payments agreed upon. The agreement did not specify the one hundred seventy-seven lots which the defendant had sold before February, 1922, nor did the defendant, when he asked and obtained deeds from the plaintiff to purchasers, indicate which, if any, related to these one hundred seventy-seven lots. Late in 1922, and after he had given deeds for more than one hundred seventy-seven lots, the plaintiff refused to give further deeds, but the defendant kept on making contracts for sale and receiving payments upon them until he went away.

The plaintiff devoted much time and attention to settling the defendant's affairs after he left, and used some of the lots in settlement of claims against him. He completed collections on outstanding contracts for lots, and he made sales and gave deeds of lots. He obtained $800 for a grant of a right of way for electric power lines over the tract, and $90 from a sale of building materials.

The plaintiff contends that he is entitled to credit for one half of all that has been received from sales of the lots which have been conveyed; for the amount of his loan with interest and certain expenditures; and for a reasonable compensation, in the nature of a commission, on all money collected by him. He agrees he should be charged for the $890 collected from the sale of the right of way and the materials; for one half the agreed value of the lots used in settling the defendant's obligations and for one half the total amount collected by him from the lots which he sold and conveyed.

The decree appealed from, it is contended, does not allow him anything on one hundred seventy-seven lots and denies most of the amount charged as a commission.  It is right in regard to the one hundred seventy-seven lots.   The plaintiff relies upon the agreement of February, 1922, which, by its terms and, in especial, its recitals of the conditions under which it is made, excludes the one hundred seventy-seven lots then contracted to be sold from the number upon which the defendant was to pay one half of what may be called his profit.   By fair interpretation of the agreement, he was bound to make conveyance of one hundred seventy-seven lots without payment by the defendant.   It is immaterial that they were not specified at the time of conveyance.   The lots are dealt with in the accounting as of the same value, $29.50 each.   The judge was justified in deciding that the parties understood that the conveyances made in the period before late 1922, were of the one hundred seventy-seven lots. The failure of the plaintiff to object to conveying when no money was received by him is persuasive.   The doctrine of application of payments is not pertinent here.

It is not necessary to determine the exact relationship of the parties.   The plaintiff admits, by the frame of his bill, that he holds land in which the defendant has an equitable interest; and he rests his account, in part at least, on the agreement which he sets out.   The defendant has made no technical defence.   He admits the propriety of a charge of $1,425.45 for the loan, interest, and bonus, for taxes paid and some small disbursements.   Inasmuch as the agreement did not contemplate that the plaintiff should devote time and labor to sales of the lots, and to dealings in the land made necessary by the defendant's failure to do as he had agreed, a charge for this service is proper.   The master has found that $448.12 is a reasonable sum, and it should be allowed in the accounting.

The account shows that, in all, the defendant owes one half the receipts from sales of lots beyond one hundred seventy-seven, that is, $1,627.75; the amount, not contested, for loan, interest and payments, $1,425.25; and the amount allowed for special services, $448.12, a total of $3,501.12;

while the plaintiff holds for the defendant $1,341.25; that is, $890 received for building materials and right of way, and $451.25, one half received by him from sales of lots.

The balance, $2,159.87, with interest from the filing of the bill, is the amount for which a decree should enter for the plaintiff. Inasmuch as this does not correspond with the amount stated in the decree of the Superior Court, although apparently the judge of that court applied the same principles of law, the order will be, decree to be modified in accord with this opinion and as so modified the decree is affirmed.

*So ordered.*