EDWIN C. BARRINGER *vs.* GEORGE A. NORTHRIDGE & another.

Worcester.   September 24, 1928. — February 27, 1929.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Law of the Case.  Equity Pleading and Practice,* Appeal, Decree.  *Trustee Process.*

In a suit in equity in the Superior Court for an accounting, commenced by a common law writ in trustee process, there were entered an interlocutory decree reciting that the trustee had failed to appear and answer and ordering him charged in a certain sum; and a final decree ordering the defendant to pay the plaintiff a certain sum, execution to issue against the defendant and the trustee. Thereafter the trustee filed a motion that the interlocutory decree be corrected, alleging that the charging of him for a specific sum was erroneous. The motion was denied unequivocally. No appeal nor exception to such denial was taken by the trustee, who subsequently filed a second motion of the same tenor. The second motion was heard by another judge, and was allowed, a decree being entered correcting the previous decree. The plaintiff appealed. *Held,* that
(1) The decrees concerning the trustee were in effect final, and the appeal properly was before this court;
(2) The action upon the trustee's first motion was conclusive on the questions of law and fact raised thereby;
(3) The decree entered on the second motion therefore was erroneous and must be reversed.
It *was stated* that the Superior Court has power to correct clerical errors in its records and decrees.
It *was stated* that, in the suit in equity above described, there was nothing inherently wrong or contrary to law in specifying in the interlocutory decree the sum for which the trustee was to be charged.

BILL IN EQUITY, commenced by a common law writ in trustee process dated May 4, 1925, for an accounting.

In the Superior Court, the suit was referred to a master. Proceedings after the filing of his report are described in

the opinion. The interlocutory and final decrees, and the final decree after rescript were entered by order of *Cox*, J. The trustee's first motion was heard by *Broadhurst*, J., and his second motion by *Lummus*, J.

*E. C. Barringer, pro se.*

*F. P. McKeon*, for W. H. Northridge.

RUGG, C.J. This suit, brought to settle complicated accounts between the plaintiff and defendant, was begun by trustee writ in common form. G. L. c. 214, § 7. William H. Northridge as executor was named as trustee and due service was made upon him. According to the record before us, the trustee does not seem to have appeared at the return day, nor to have filed an answer. The case was referred to a master. After the filing of his report, on June 26, 1926, orders for decrees were made in these words: "This suit was heard on the master's report. Let an interlocutory decree be prepared confirming the master's report; an interlocutory decree charging the trustee; and a final decree ordering the defendant to pay to the plaintiff $2,121.77 together with costs taxed in the sum of $25.45 and execution to issue for said sums against the defendant and the trustee." On the same date decrees were entered in accordance with the orders. One confirmed the master's report. The one charging the trustee, entitled "Interlocutory Decree," was in these words: "This case came on to be heard at this sitting and it appearing that the trustee has failed to appear and answer, it is ordered, adjudged and decreed that said trustee be, and hereby is charged in the sum of $2,121.77 together with costs taxed in the sum of $25.45." By the final decree the defendant was ordered to pay the plaintiff the sums specified in the orders. That decree concluded in these words: "that execution issue for said sums against the defendant and the trustee." The plaintiff appealed from the final decree. The decision on that appeal is reported in 258 Mass. 118. Final decree after rescript in accordance with that decision, whereby the amounts to be paid by the defendant to the plaintiff were changed, but otherwise in the same words as the earlier final decree, was filed on January 18, 1927, to be entered as of November 22, 1926. The trustee named in the writ on June 16, 1927, filed

a motion entitled "Motion to correct interlocutory decree." In that motion were recited the order for decrees and all the decrees theretofore entered. It concluded in these words: "(7) that execution has issued thereon from the Superior Court; (8) that said interlocutory decree charging your petitioner in a specific sum was entered by inadvertence, mistake or clerical error and that there is error of law in said decree apparent upon the record; (9) that he never was examined by the court upon motion or otherwise with reference to being charged as having in his possession a specific sum of money or goods, effects and credits belonging to said defendant, and that he never in any way appeared in said action by himself or by attorney; Wherefore your petitioner moves that the error in said interlocutory decree charging your petitioner in a specific sum may be corrected to conform to said order for a decree and to the fact, and that such other and further proceedings may be had as to determine, in what specific sum your petitioner should be charged in the premises." After notice to the plaintiff, that motion was denied on June 24, 1927, by a judge different from the one by whom all the previous decrees had been entered. Another motion of precisely the same tenor was filed by the trustee on July 7, 1927. This motion was heard by still another judge. On September 14, 1927, he caused to be entered "Decree correcting clerical error in interlocutory decree filed June 26, 1926." In that decree it was adjudged that "so much of said interlocutory decree charging the trustee filed June 26, 1926, as follows the word 'charged,' namely: the words 'In the sum of $2,121.77 together with costs taxed in the sum of $25.45' was inserted in said decree by mistake and clerical error, and did not conform to the actual decision of the court or the order for a decree filed June 26, 1926," that those words be expunged from that decree and the words "as trustee" inserted in place thereof, "so that the body of said decree shall conform to the actual decision of the court and the order for a decree, and shall read as follows, to wit: 'This case came on to be heard at this sitting, and it appearing that the trustee has failed to appear and answer, it is ordered, adjudged and decreed that said trustee be, and hereby is charged as

trustee.'" The plaintiff's appeal from that decree brings the case here.

The trustee raises the point that the case is not rightly before us on appeal from an interlocutory decree. *Hutchins* v. *Nickerson*, 212 Mass. 118, 120. *Siciliano* v. *Barbuto*, 265 Mass. 390, 393. The decree of June 26, 1926, charging the trustee for specific amounts, was in form final. The alleged correction made by the decree here under review affected the rights of the plaintiff. If it stands, the trustee could not be charged except upon *scire facias*. *MacAusland* v. *Fuller*, 229 Mass. 316. While the proceeding by trustee process and the *scire facias* to determine the amount due "are part of one continued and connected course of proceedings," *Universal Optical Corp.* v. *Globe Optical Co.* 228 Mass. 84, 85, yet we think that the decree appealed from in the circumstances here disclosed was sufficiently final, so far as the trustee was a party to the equity suit, to warrant present consideration of it. *Reynolds* v. *Missouri, Kansas & Texas Railway*, 224 Mass. 253, 254. *Hanson* v. *Hanson*, 258 Mass. 45, 47. The rights of the plaintiff against the trustee in trustee process, and his rights against the main defendant, are so far distinct and severable that a decision respecting each may be treated as final for the purpose of bringing proceedings to this court without violation of the rule of *Hutchins* v. *Nickerson*, *supra*. *Reynolds* v. *Missouri, Kansas & Texas Railway*, 224 Mass. 253, 254; S. C. 224 Mass. 379.

The question presented by the appeal is not whether the Superior Court has power to correct clerical errors in its records and decrees. Of that there can be no doubt. *Karrick* v. *Wetmore*, 210 Mass. 578, 579, and cases there collected. *Randall* v. *Peerless Motor Car Co.* 212 Mass. 352, 387. *Everett-Morgan Co.* v. *Boyajian Pharmacy*, 244 Mass. 460, 462. The question presented is whether on this record the decree here under review rightly could have been entered. There is nothing inherently wrong or contrary to law in specifying in the original proceeding and without resort to *scire facias* the amount for which a trustee shall be charged. *Jarvis* v. *Mitchell*, 99 Mass. 530. *Cheshire National Bank* v. *Jaynes*, 225 Mass. 432, 435. .

The question whether there was mistake or clerical error in the decree charging the trustee for a specific amount was raised clearly and unequivocally by the first motion seeking that relief, filed by the trustee on June 16, 1927. Notice issued on that motion. It was denied absolutely and without reservation. It must be assumed to have been denied as the result of deliberate decision of the judge. There is nothing on which to found the inference that it was not denied on its merits. *Bigelow* v. *Winsor,* 1 Gray, 299, 301. *Foote* v. *Gibbs,* 1 Gray, 412. *Borrowscale* v. *Tuttle,* 5 Allen, 377. See *Newburyport Institution for Savings* v. *Puffer,* 201 Mass. 41, 49. No finding was made by the third judge that this action of the second judge in denying the earlier motion of the same tenor was not based on a consideration of the merits of all matters of fact and of law thereby raised. Mistake in the decree entered by the first judge was explicitly asserted in that motion. Whether there was such mistake was directly involved in the decision made by the second judge. There was no appeal or exception taken by the trustee to that denial of the motion. No relief from the effect of that denial was sought. If the trustee thought it was tainted by error in any essential particular, he took no steps to correct it.

If that action by the second judge be treated as a finding of fact, it is entitled to the same weight as any finding of fact made by a tribunal having jurisdiction of the cause and the parties. Until reversed or set aside in some recognized form of procedure, it must be accepted as true. It is conclusive upon the rights of the parties. If it be treated as a ruling of law, there was no exception or appeal taken to the end that it might be reversed. It must stand as the law of the case. *Boyd* v. *Taylor,* 207 Mass. 335. *Beach & Clarridge Co.* v. *American Steam Gauge & Valve Manuf. Co.* 208 Mass. 121, 132. *Murphy* v. *Hanright,* 238 Mass. 200, 203, 204. *United Drug Co.* v. *Cordley & Hayes,* 239 Mass. 334, 337. *Daniels* v. *Cohen,* 249 Mass. 362, 364. *Phillips* v. *Director General of Railroads,* 251 Mass. 263, 268. *Pizer* v. *Hunt,* 253 Mass. 321, 333. If it be treated as the decision of a mixed question of law and fact, the same principles apply.

The third judge, at the hearing upon the second motion of the trustee, was bound to accept that decision of the second judge upon precisely the same motion as binding upon him. There would be no end of litigation if a party, defeated before one judge, were privileged to go before another judge of the same court and in the same case seek a different decision upon the same point. Such procedure would be most unseemly. It would tend to bring the administration of justice into contempt. The policy of the law requires that litigation be ended within a reasonable time and not be protracted at the will of either party; it condemns successive hearings of the same point once decided after a hearing not vitiated by any error ascertained according to settled practice. *Boston Bar Association* v. *Casey*, 227 Mass. 46, 48, 49. *Commonwealth* v. *Dascalakis*, 246 Mass. 12, 25. *Thorndike, petitioner*, 254 Mass. 256, 260. *United States* v. *Mayer*, 235 U. S. 55, 70. *Exporters of Manufacturers' Products, Inc.* v. *Butterworth-Judson Co.* 258 U. S. 365, 369.

Other points argued need not be considered.

*Decree reversed.*